EDWARD DAVID, Appellant, v. CLARKSVILLE
CIDER COMPANY, Respondent.

.St. Louis Court of Appeals, December 8, 1914.

1. **MASTER AND SERVANT: Injury to Servant: Safe Place
to Work: Evidence.** In an action for injuries received by
a servant by a barrel falling from a stack of barrels upon him,
evidence by' plaintiff, who had not observed how the barrels
were piled, that "the barrels were piled too shaky—that is
how it happened," was a statement of a mere conclusion, and
hence possessed no probative force toward establishing that the
barrels were piled in a negligent manner.

2. **EVIDENCE: Conclusions.** The conclusion of a witness has
no probative force.

3. **MASTER AND SERVANT: Injury to Servant: Safe Place to
Work: Sufficiency of Evidence.** In an action for injuries
received by a servant by a barrel falling from a stack of
barrels upon him, where the petition assigned as negligence
that defendant had stacked the barrels in a place where, because
of traffic, the ground was caused to vibrate, resulting in the
stack becoming insecure and dangerous, and also that the barrels
were negligently stacked, evidence *held* insufficient to show that
the fall was due to the vibration of the ground at the place
where the barrels were stacked, or that the barrels were neg-
ligently stacked, or if, in fact, they were negligently stacked,
that defendant had notice thereof, and hence plaintiff was not
entitled to recover.

4. ————: ————: ————: **Fellow-Servants.** Where a cooper
employed by a cider company was required, when so directed,
to assist in stacking barrels ready for delivery, other servants
who stacked the barrels, which subsequently fell on the cooper,
were fellow-servants, for whose negligence the master was not
liable.

5. ————: ————: ————: **Res Ipsa Loquitur.** The doctrine
of *res ipsa loquitur* does not apply, where the injury to a servant
was caused by the falling of a barrel from a stack near where
he was working.

Appeal from St. Louis City Circuit Court.—*Hon. Wil-
liam M. Kinsey*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) It is the duty of the master to furnish the servant a reasonably safe place to work in. Holman v. Souther Iron Co., 152 Mo. App. 672; Anderson v. Western Coal & M. Co., 138 Mo. App. 76; Clark v. Union Iron & Foundry Co., 234 Mo. 436. (2) It was negligence in defendant to pile these barrels in this place in such a "shaky" manner that they were likely to fall. Rigsby v. Oil Well Supply Co., 115 Mo. App. 318; Browning v. Kasten, 107 Mo. App. 59. (3) The vibrations of this passageway where these barrels were piled made it an unsafe place for the plaintiff to work in. Rigsby v. Oil Well Supply Co., 115 Mo. App. 297. (4) Plaintiff was not a fellow servant with the porter who did the piling because he did not help to do the piling, but even if he were, defendant would still be liable because its negligence co-operated with that of the porter in causing the injury. Browning v. Railroad, 124 Mo. 55; Mertz v. Leschen & Sons Rope Co., 174 Mo. App. 94; Radtke v. Basket & Box Co., 229 Mo. 15.

*Holland, Rutledge & Lashly* for respondent.

(1) The lower court did not err in giving the peremptory instruction at the instance of respondent, because there was no testimony in the case showing or tending to show that the respondent was guilty of any negligence in connection with the stacking of barrels in question. Bradley v. Forbes Tea & Coffee Co., 213 Mo. 320; Sutherland v. Lumber Co., 149 Mo. App. 338; Bowman v. American Car & Foundry Co., 226 Mo. 53; Kelly v. Railroad, 105 Mo. App. 365; Henson v. Armour, 113 Mo. App. 618; Livengood v. Zinc Co., 179 Mo. 229. (2) And because the testimony shows

that appellant did not exercise ordinary care for his own safety on the said occasion. Bradley v. Forbes Tea & Coffee Co., 213 Mo. 320; Sutherland v. Lumber Co., 149 Mo. App. 338; Bowman v. American Car & Foundry Co., 149 Mo. App. 338; Kelly v. Railroad, 105 Mo. App. 365; Henson v. Armour, 113 Mo. App. 618; Livengood v. Zinc Co. 179 Mo. 229.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff while in the employ of the defendant corporation as its servant. Plaintiff suffered a nonsuit below, and, after unsuccessfully moving to have the same set aside, prosecuted his appeal to this court.

At the time of plaintiff's injury he was employed by the defendant as a cooper, engaged in repairing barrels and kegs. From time to time he was also called upon to assist in handling barrels. Defendant's business was conducted in a building formerly used as a brewery, and beneath the premises were large excavations or artificial caves in one of which plaintiff worked when performing the duties of a cooper. Above such caves was a yard or court, through which a driveway extended.

On Saturday afternoon, November 4, 1911, plaintiff was directed to assist in rolling certain barrels from the sidewalk adjoining the premises into the yard where they were to be stacked. It appears that the work of putting in and stacking such barrels was ordinarily performed by certain "porters," though plaintiff at times assisted both in rolling in barrels and in stacking them. Plaintiff testified, however, that upon this Saturday afternoon he stacked none of the barrels, but rolled in some of them shortly before five o'clock, his quitting time, and that others did the stacking. On the following Monday morning plaintiff was ordered to assist in loading barrels upon a wagon which had been driven into the yard upon the drive-

way. It appears that along one side of the driveway stood a row of barrels standing upright, upon the top of each of which was a barrel lying lengthwise or hori- ::ontally, and that about two feet back of this row stood a row of stacks or tiers each consisting of three upright barrels, one upon another. At the time of plaintiff's injury he was engaged in lifting one of the horizontal barrels lying upon the top of another in the first row along the side of the driveway. As he took hold of this barrel to load it into the wagon, a barrel, from the top of the nearest of the tiers consisting of three barrels, fell upon his hand, crushing two of his fingers so that they had to be amputated.

The negligence charged in the petition, and which it said caused plaintiff's injuries, is that the surface of the driveway, by reason of the caves beneath the same, was caused to shake and vibrate from the passage of cars and vehicles along the adjoining street, which caused the barrels stacked along or near the same to become "insecure and dangerous and likely to fall;" and that the barrels in the stack or tier from which the barrel in question fell were carelessly and negligently piled or stacked; which matters are alleged to have been known to defendant, or could have been discovered by defendant by the exercise of ordinary care. And it is averred that, by reason of the negligence charged, the driveway was a dangerous and unsafe place for plaintiff to work.

The answer is a general denial and a plea of contributory negligence.

Plaintiff's evidence is to the effect that the surface of the premises above the caves was caused to vibrate considerably, from time to time, by cars and heavy vehicles passing along the nearby street, and particularly by wagons driving through the yard along the driveway, which shook the barrels stacked in the yard. But there is positive testimony that no wagon was moving in the driveway at the time of plaintiff's

injury; and there is no evidence that any vibration from cars or vehicles passing along the street actually caused, or contributed to cause, this barrel to fall, nor proof of facts from which this could be fairly and reasonably inferred.

One witness, when asked if he saw the barrels shaking in the yard at the time of the accident, said: "Yes, sir, I did; I seen them." In answer to further questions, he said that this was due to the heavy vehicles moving through the driveway, saying that a wagon was moving through the same at the time to which he referred. He then stated that no wagon went through the driveway at "the same moment" when plaintiff was injured, and could not have done so for the reason that two wagons were then standing therein. This testimony cannot be taken to mean that there was any shaking of the barrels by reason of the alleged vibration of the premises at the time when the barrel fell upon plaintiff's hand. And there is none other tending to show this. And it is certain that there was nothing shown as to the effect of any vibration, if such there was, upon the stack of barrels in question, nor anything tending to show that the top barrel thereof was thereby caused to fall. What the tendency of the surface of the premises to vibrate had to do with the falling of the barrel, if anything, is purely a matter of conjecture.

As to the alleged negligent piling of the barrels, nothing whatsoever appears as to the manner in which the barrels were stacked in the tier from the top of which the barrel in question fell. Nor is there any evidence whatsoever as to the condition of this tier or stack prior to the falling of the barrel therefrom. True, there is plaintiff's general statement as to the happening of the accident, viz: "The barrels was piled too shaky; that is how it happened." But this is clearly a mere conclusion on his part, and without probative

186MoApp2

force; for he repeatedly declared that he did not observe this stack of barrels at all prior to the accident, and paid no attention whatsoever to its condition or how the barrels were stacked therein.

The barrel which plaintiff was lifting gave no lateral support to the tier behind it from which the barrel fell, for the testimony is that there was an intervening space of about two feet between the barrels at the edge of the driveway, which were being loaded, and the row of tiers behind them. It is clear, therefore, that the falling of the barrel was not due to any act of plaintiff in removing lateral support from the stack containing it. But there is no evidence that the barrels had been negligently piled in this stack, in such manner as to render the stack dangerous and likely to fall. And if the stack was in fact in a dangerous condition (as to which nothing appears), it is not shown that the defendant, though a vice-principal or otherwise, had any notice thereof; nor is there anything in the record to show when such dangerous condition, if any, began, unless indeed we are to infer, from the fact alone that the barrel fell, that the stack from which it fell was negligently erected on the preceding Saturday afternoon, whereby a dangerous condition was created which continued until the time of the accident.

From the record before us we think nothing appears than can cast liability on defendant for plaintiff's injuries. Plaintiff and his colaborers who stacked the barrels in this yard were undoubtedly fellow-servants; for though plaintiff says that he did not assist in stacking these barrels, it was his duty to assist in the stacking and loading of barrels when so directed, and he did so from time to time. But it is said, that though this be conceded, defendant is nevertheless liable for the reason that it was negligent in using this "shaky place" for piling barrels, and that such negligence on its part co-operated with that of a fellow servant to produce the injury. But this theory we regarded as

untenable, for the reason that liability cannot be predicated upon the vibration of the premises under the evidence relating to this matter, which we have set out above. And conceding, for the sake of argument only, that liability may arise from the supposed negligence of plaintiff's colaborers in piling the barrels, upon the theory that a dangerous condition of the premises was thereby created, which defendant by the exercise of ordinary care could have discovered, surely such negligence in the erection of the stack of barrels or the existence of such dangerous condition, must be in some manner established.

It is not suggested that the maxim *res ipsa loquitur* here applies; nor does it. It is said not to be inapplicable merely because of the existence of the relation of master and servant (Klebe v. Distilling Co., 207 Mo. 480, 105 S. W. 1057); but for the reasons mentioned in the case just cited, if none other, the doctrine would not here apply. And it is clear that, in the absence of any evidence touching the matter, we are asked to infer a negligent erection or dangerous condition of the stack of barrels from the fact alone that a barrel fell therefrom.

The case is not like that of Rigsby v. Oil Well Co., 115 Mo. App. 297, 91 S. W. 460; 130 Mo. App. 128, 108 S. W. 1128; where the defendant's foreman created a dangerous place, through the negligent erection of a pile of lumber, and, knowing such place to be unsafe, ordered the plaintiff to go into it. Neither are the facts quite such as were presented in Bradley v. Forbes Tea & Coffee Co., 213 Mo. 320, 111 S. W. 919, where a recovery was denied the servant; for there a stack of bags of coffee bulged and fell because of the taking away of another such stack which gave it lateral support, and in which work the plaintiff was engaged.

The case is much like that of Bowman v. Car & Foundry Co., 226 Mo. 53, 125 S. W. 1120, where plaintiff was engaged in helping to pile pig iron near an

old pile thereof which fell and injured him. In an opinion by VALLIANT, J., it is said:

"There was no evidence of negligence on the part of the defendants to justify the submission of the case to the jury. . . . There was no evidence that the pile that fell was negligently constructed or that it contained a defect, that was known or could have been known by the exercise of ordinary care. . . . The petition charges that it 'had been so piled and placed as that it was liable to fall over at any time,' but it does not specify in what particular it was defective. Under that averment (assuming without conceding that it was sufficient to state an act of negligence) the plaintiff could have introduced evidence to prove any defect in the construction or location of the pile that would indicate its dangerous condition, as that it was leaning to one side, or was not compact or otherwise, but the only thing he attempted to prove was that it was higher than usual. He offered no evidence to show that the height rendered it dangerous. Men of experience in that business could have been found to testify that the height of seven or eight feet rendered the pile dangerous if such was the fact, but neither the court nor the jury could take judicial cognizance that such was the fact. Yet with no evidence except that the pile was seven or eight feet high the jury was left to conjecture that from that fact alone it was dangerous. . . . The burden was on the plaintiff to show that the pile fell because of its own inherent defect, and that it was a defect which the defendants knew or would have known if they had exercised reasonable care."

In the case before us no evidence whatsoever was adduced touching the condition of this stack of barrels. It does appear that it consisted of three barrels, one upon another; but there is nothing to suggest that this rendered it dangerous. Regardless of other questions involved, had the demurrer been overruled, the jury

would have been left to grope in the dark, and authorized to base a verdict, if they so saw fit, upon a mere conjecture that the stack of barrels was in a dangerous condition, through negligent piling or otherwise, and that such dangerous condition had existed for such length of time and was of such character as to enable the defendant to discover the same by the exercise of ordinary care.

We do not mean to say that liability could attach to the master for a dangerous condition created by the negligence of plaintiff's fellow-servants in piling these barrels, had such been shown. As to this it is sufficient to say that nothing whatsoever appeared as to the erection of the stack which fell or its condition prior to the accident. But see: Sutherland v. Lumber Co., 149 Mo. App. 338, 130 S. W. 40; Dickerson v. Jenkins, 144 Mo. App. 132, 128 S. W. 280.

Neither is it necessary to decide whether plaintiff himself should be regarded as negligent, as a matter of law. In his testimony he reiterated time and again that he did not look to see how the barrels were piled, did not notice them, or pay any attention whatsoever to the condition of the stacks. Under the circumstances shown in evidence the question of plaintiff's negligence in failing to observe his surroundings, or to take any heed for his own safety, would be an important factor to be reckoned with, were the case not disposed of on other grounds. [See Bradley v. Forbes Tea & Coffee Co. supra.]

The judgment must be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.