# WILLIAM PRUETT, Respondent, v. CAMPBELL LUMBER COMPANY, Appellant.

### St. Louis Court of Appeals, March 2, 1915.

1. **MASTER AND SERVANT: Injury to Servant: Obligation of Master: Instructions.** In an action for injuries sustained by a servant, an instruction authorizing a recovery if the injury was due to the negligence of defendant is not furnishing plaintiff with a reasonably safe place to work is erroneous, as imposing on defendant the absolute duty to furnish a reasonably safe place to work, when his obligation extends no further than to exercise ordinary care to that end.

2. ——: ——: **Instructions: Failure to Submit Specific Negligence.** In an action for injuries sustained by a servant, where the petition specified in what particular defendant had failed to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work, an instruction which authorized a recovery if the injury was due to the negligence of defendant "in not furnishing plaintiff with a reasonably safe place to work," was erroneous, in that it failed to require the jury to find the specific negligence charged.

3. **NEGLIGENCE: Instructions: Necessity of Submitting Specific Negligence.** In an action for personal injuries, where the petition contains specific assignments of negligence, an instruction which permits a recovery without requiring the jury to find such specific negligence is erroneous.

4. **MASTER AND SERVANT: Injury to Servant: Evidence.** In an action for injuries to a servant unloading logs from a car, an affirmative answer by a witness, in response to a leading question propounded by counsel for plaintiff as to whether the logs were loaded by defendant, followed by a statement that he supposed defendant loaded the car, but that he did not know who loaded it, was no evidence that the car was loaded by defendant.

5. **EVIDENCE: Conjecture: Probative Force.** An affirmative answer by a witness in response to a leading question, followed by a statement that the witness merely supposed such was so, but that he did not know whether or not it was, possesses no probative force.

6. **MASTER AND SERVANT: Injury to Servant: Injury form Falling Logs: Res Ipsa Loquitur.** The doctrine of *res ipsa loquitur* does not apply to an action for injuries to a servant unloading logs from a car, caused by a log rolling from the car

and falling upon him while he was under the car, and hence, in order to recover, he must show negligence on the part of the master in some particular.

7. ——: ——: ——: Contributory Negligence. In an action for injuries sustained by a servant engaged in unloading logs from a car, caused by a log rolling from the car and falling upon him while he was under the car, *held* that plaintiff was guilty of contributory negligence in going into the place where he was injured, when he had been warned and well knew of the danger attendant thereupon.

8. ——: ——: ——: Sufficiency of Evidence. In an action for injuries sustained by a servant engaged in unloading logs from a car, caused by a log rolling from the car and falling upon him while he was under the car, evidence *held* insufficient to establish that defendant was guilty of the negligence counted on.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED.

*Fort & Zimmerman* for appellant.

(1) The court erred in overruling defendant's demurrers to the evidence, because, (a) There is no proof that the logs were loaded improperly in the woods by defendant's foreman. (b) Because, if it be inferred from the evidence that defendant loaded the car in question, then the inference could go no further than to find that the loading was done by fellow-servants for which defendant would not be liable. Henson v. Pascola S. Co., 151 Mo. A. 234; Lukamiski v. The American S. Foundries, 142 S. W. 1093. (c) There is no evidence that defendant loaded the logs in the woods. (d) Plaintiff admitted in the trial of the cause that they did not allege that the car was defective. (e) There is no evidence that plaintiff was injured while under the specific orders of any one. (f) There was no evidence of defendant's negligence in any respect. Saversnick v. Schwartzschild & Co.,

141 Mo. App. 513; Maynard v. Railroad, 155 Mo. App. 352; Coin v. Taylor L. Co., 222 Mo. 488; Lowe v. Railroad, 165 Mo. App. 523; Fleeman v. Bemis Bros. Bag Company, 159 Mo. App. 593; Dickinson v. Jenkins, 144 Mo. App. 132; Padgett v. Schullin-Gallager Iron Co., 160 Mo. App. 544; Kendrick v. Harris, 171 Mo. App. 208; Haas v. American Car & Foundry Co., 176 Mo. App. 314. (2) If it be conceded, which defendant does not, that defendant loaded the car in the woods and loaded it carelessly and negligently, still it would be a mere matter of conjecture to say whether the loading was or was not the act of fellow-servants. The law will not permit a recovery where the evidence leaves the whole matter to conjecture. Coin v. Taylor L. Co., 222 Mo. 488; Henson v. Pascola Stave Company, or 151 Mo. App. 234; Padgett v. Schullin-Gallager I. & S. Co., or 160 Mo. App. 544. (3) (a) The court erred in giving instruction number 1 for plaintiff, which required defendant to absolutely furnish plaintiff a reasonably safe place in which to work and reasonably safe machinery and appliances with which to work. This instruction required defendant to use more than ordinary care, and placed a higher duty upon it than the law imposes. McElhiney v. Friedman Shelby Shoe Co., 158 Mo. App. 318; Henson v. Pascola Stave Co., 151 Mo. App. 234; Organ v. Railroad, 142 Mo. App. 248; Bennett v. Crystal Carbonate L. Co., 146 Mo. App. 565; Bradley v. Railroad, 138 Mo. 293; Haas v. American Car & F. Co., 176 Mo. App. 314. (b) This instruction is erroneous and prejudicial because it is not sufficiently specific to advise the jury as to what acts of negligence they were to pass upon. Delo v. Old Dominion Mining Co., 141 S. W. 687; Schaff v. Basket & Box Co., 151 Mo. App. 35; Allen v. Transit Co., 183 Mo. 411; Hall v. Railroad, 165 Mo. App. 114.

*Bradley & McKay* for respondent.

(1) The court did not err in overruling defendant's demurrer to the evidence, because: (a) There was proof, or sufficient facts from which the jury could infer, that the logs were loaded improperly in the woods by appellant. (b) There was sufficient facts from which the jury could infer that, appellant loaded the logs in the woods, that they were negligently loaded, that is, loaded too far over the spikes, and that the negligence in loading said logs rendered the place unsafe for respondent to perform his work in the manner he was required to do. (c) It is not centended that the car is defective, nor is it alleged in the petition as an act of negligence. (d) It is true that there was no evidence that respondent was injured while under the specific orders of any one, nor was this act of negligence submitted to the jury. (e) There was evidence of appellant's negligence in failing to use ordinary care to furnish respondent with a reasonably safe place to work and reasonably safe machinery and appliances with which to work, as detailed above, and it being a question of fact for the jury to pass upon, where there is any evidence upon which the jury could infer from the facts, so shown by the evidence, and their finding is for respondent, this court will not disturb their finding unless there is substantial error affecting the merits of the case. (2) The act of negligence alleged in the petition "that his injuries were due and caused by the negligence and carelessness of appellant in failing to furnish respondent with a reasonably safe place to work and reasonably safe machinery and appliances with which to perform his work," was fairly submitted to the jury and a verdict rendered in favor of respondent and will not now be disturbed unless appellent can show some error committed by the court which substantially affects the merits of the case, which appellant has failed to do herein. Dudly v. Pease, 108

U. S. 126; Eureka Company Bank v. Clark, 130 Fed. 325; Bailey v. Railroad, 133 Mo. App. 473. Where the facts are such that reasonable men may draw different conclusions therefrom, whether under the conditions presented, appellant was charged with negligence. The case should be submitted to the jury and their finding is binding on this court. Butts v. Nat'l. Exch. Bank, 99 Mo. App. 168; Barton v. St. L. I. M., 52 Mo. 253; Gratiot v. Railroad, 116 Mo. 466; Norton v. Ittner et al., 56 Mo. 352-353; Bailey v. Railroad, 133 Mo. App. 473; Morris v. Kansas City, 117 Mo. App. 298; Lewis v. Frankle, 158 Mo. App. 262. (3) The question of fellow-servant does not enter into this case, for the reason appellant owed respondent the duty to use ordinary care to furnish him with a reasonably safe place to work and reasonably safe machinery and appliances with which to perform his work. The master cannot hide behind the fact that the negligent loading of the logs in the woods, which under the facts in the case at bar, was the proximate cause of the injury, and which rendered the place unsafe for respondent to work, was done and performed by other employees working for it. It is an absolute duty of the master, which he cannot delegate, to furnish his employee a reasonably safe place in which to work. English v. Rand Shoe Co., 154 Mo. App. 451; Railroad v. Baugh, 149 U. S. 368; Miller v. Railroad, 109 Mo. 357. (3) (a) The court did not err in giving instruction number 2. The court directed the jury that before they could find for the respondent they must find that appellant had been guilty of carelessness and negligence in the discharge of its duty to exercise ordinary care to furnish respondent a reasonably safe place to work; if it was negligent and careless in the discharge of this duty, which the jury found it was, then of course, it did not exercise ordinary care, because the existence of negligence implies the absence of care. There was no duty imposed on the appellant company by this instruction

not imposed by law.  Blanton v. Dold, 109 Mo. 75; Doyle v. M. K. & T. Trust Co., 140 Mo. 12; Brady v. Railroad, 206 Mo. 509; Baxter v. Campbell Lumber Co., 171 S. W. 955.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff while in the defendant's employ as its servant.  There was a verdict and judgment below for plaintiff and defendant appeals.

At the time of plaintiff's injury the defendant corporation operated a lumber mill, where plaintiff, as defendant's employee, was engaged in rolling logs from a railway car upon which they had been transported to the mill, the car having been placed near a "skidway" upon which the logs were dropped.  It appears that this car was a "log car," having no bed or platform but merely "bolsters" upon which the logs were placed.  At or near the ends of each such bolster was what is termed a "spike," which was intended to prevent the first or lower layer of logs from rolling off.  A chain had been wound about the lower layer of logs and fastened to the car beneath, to hold such logs in position, while in transit, other logs being piled above them.

The car was the property of the St. Louis, Kennett & Southeastern Railway Company, over whose line of railway the logs had been shipped from some point "in the bottoms."  There is no evidence as to just where the logs were loaded upon this car, though it may be inferred that they were loaded somewhere in the timber lands in that vicinity.  At the time of plaintiff's injury all of the logs had been removed from the car except the lower layer thereof.  Plaintiff went beneath the car to unfasten the chain above mentioned, and after so doing raised his head at the side of the car near the skidway, and was injured by a log which rolled from the car.  As to the manner in which he received his injury plaintiff testified: "I went under

the car, which I did every day, to loosen the chain, and I untied the chain and raised up on my knees to draw the chain out from between the logs on the skidway and the logs on the car, and the log on this car fell down and caught my head between the skidway and the car.''

The petition counts upon a breach of defendant's duty with respect to furnishing plaintiff a reasonably safe place to work; and it is averred ''that the logs were so carelessly loaded on this car by the defendant's foreman in the woods that when the chain was loosed on one side of the car the log which caused the injury rolled, and there being no standards to stop it and it being loaded out over the edge of the car, it rolled off.'' The failure to equip the car with standards is alleged as a further act of negligence on defendant's part, but as defendant did not own or operate the car this theory of the case has been abandoned, and it need not be further noticed. The petition also appears to count upon a negligent order of defendant's foreman, and alleges that defendant negligently failed to furnish plaintiff with reasonably safe appliances with which to work, but these averments were not supported by the evidence, and the case proceeds upon the theory alone that defendant violated its duty in respect to furnishing a safe place to work.

I. It is quite apparent that the judgment must be reversed because of error in giving plaintiff's first instruction, the only instruction purporting to cover the question of defendant's liability. This instruction authorizes a recovery if the jury find that plaintiff's injury, if any, ''was due to the negligence and carelessness of the defendant company in not furnishing plaintiff with a reasonably safe place to work.'' Not only does this instruction proceed upon the theory that it is the absolute duty of the master to furnish the

servant a reasonably safe place to work, whereas the master's duty is to exercise ordinary care to that end, but it is a mere general declaration of what purports to be the law applicable to a master and servant case, without any application whatsoever to the facts in evidence. It fails to require the jury to find the specific negligence charged, which is alleged to have rendered unsafe the place in which plaintiff was required to work, but on the contrary permits a recovery if the jury believe that the defendant in any way failed to furnish plaintiff with a reasonably safe place in which to work. Such instructions have been repeatedly condemned. [See Feldewerth v. Wabash R. Co., 181 Mo. App. 630, 164 S. W. 711, and authorities there cited.]

II. But we are forced to the conclusion that the demurrer to the evidence, interposed by defendant, should have been sustained. If liability may be here cast upon defendant at all, it is for negligence in loading the car in question, whereby the place in which plaintiff performed his work was rendered unsafe. The only evidence in the record as to who loaded the car was the following testimony of one witness, viz:

"Q. These logs are loaded out in the woods by the Campbell Lumber Company and hauled into the mill? A. Yes, sir. Q. The Campbell Lumber Company has them loaded? A. I suppose so."

Mr. Zimmermann—"We object to that unless the witness knows."

"Q. They are unloaded at the mill by the Company? A. Yes, sir, but I don't know who loads them in the bottoms."

It is contended that the answer to the first of these leading questions constitutes some evidence that defendant loaded the logs; but the next answer of the witness shows clearly that this was a mere supposition on his part, and in the end he unequivocally states that he does not know who did such loading. We are com-

pelled to conclude that there is no evidence whatsoever that this car was loaded by defendant, and that for this reason alone plaintiff failed to establish the only ground of negligence upon which his case must rest.

If the above testimony could constitute any evidence that defendant loaded these logs upon this car, there is no proof that they were loaded by defendant's foreman as alleged, but for aught that appears such work may have been done by fellow-servants of plaintiff. This would raise another question which we need not discuss; but see Henson v. Stave Co., 151 Mo. App. 234, 131 S. W. 931.

But not only did plaintiff fail to prove that defendant by and through its foreman, loaded these logs, as alleged, but the record is barren of any evidence to show that there was any negligence on the part of anyone in loading this car, no matter by whom it may have been loaded. Not only was there no evidence as to the actual loading of this car, but none as to the conditions present with respect to the logs remaining upon the car when the one in question rolled therefrom. Plaintiff testified that he paid no attention to this log before going under the car, and did not know what was its position on the car before it fell. It appears that no one was near him at the time of his injury, and no witness had previously noticed this particular log or observed anything unusual about the carload of logs.

It is clear that the doctrine of *res ipsa loquitur* does not apply. [See Klebe v. Distilling Co., 207 Mo. 480, 105 S. W. 1057.] No inference of negligence can here arise from the fact alone that the log fell, which is all that plaintiff's evidence establishes. Under the circumstances appearing, it devolves upon plaintiff to show more than the mere fact that the log rolled from the car and injured him, before the defendant may be held accountable as for having failed to exercise or-

dinary care to furnish plaintiff a reasonably safe place in which to work. [See Bowman v. Car & Foundry Co., 226 Mo. 53, 125 S. W. 1120; David v. Clarksville Cider Co., 186 Mo. App. 13, 171 S. W. 594.]

There was evidence tending to show that, though logs were properly loaded on one of these cars, a log at the side of the car, in the lower layer, would sometimes be crowded out upon or over the short spikes at the ends of the bolsters, while in transit; and it appears that the likelihood of this happening was greater if the log was one having knots upon it, or "spur roots," as this log is said to have had. But however this may be, the burden was upon plaintiff to prove the negligence charged (See Strode v. Columbia Box Co., 250 Mo. 695, 158 S. W. 22); and in this plaintiff failed.

The evidence tends with much force to show that plaintiff's injury was proximately caused by his own negligence in the premises, in placing his head between the car and the skidway when he had been warned and well knew of the danger attendant thereupon. But it is unnecessary to dwell upon this, since no negligence on the part of defendant was established.

The judgment must be reversed, without remanding the cause. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.