HAZEL YATES, Respondent, v. LAWRENCE C. MANCHESTER and WILLIE MITCHELL, doing business as MITCHELL CAB COMPANY, Appellants.—No. 40883.—217 S. W. (2d) 541.

Division One, February 14, 1949.

*William P. Nolan, James E. Garstang, Jr.,* and *C. Lawrence Mueller* for appellant Manchester.

*John A. Davis* and *Henry D. Espy* for appellant Mitchell; *Orville Richardson* of counsel.

*James A. Riley* and *Roy E. Gardner* for respondent Yates.

[541] DALTON, C.—Action for damages for personal injuries sustained by plaintiff when the taxicab of defendant Mitchell, in which plaintiff was riding as a passenger, was struck on the right rear side by an automobile operated by defendant Manchester. The collision occurred at the intersection of Whittier street and Cook avenue in the City of St. Louis, on May 20, 1947, during a rainstorm. Plaintiff charged that the collision and resulting injuries were due to the negligent operation of the motor vehicles involved. Specific charges of negligence were made [542] against each defendant. Verdict and judgment were for plaintiff for $10,000 against both defendants and they have appealed.

Appellant Manchester contends (1) that the court erred in giving plaintiff's instruction 1; (2) that appellant was deprived of a fair and unbiased jury by the misconduct of juror Dillon; and (3) that the verdict is excessive. Appellant Mitchell contends (1) that the court erred in giving plaintiff's instructions 2 and 3 and defendant Manchester's instruction 6; and (2) that the verdict is excessive. Neither appellant has assigned error on the submission of the cause to the jury and, in view of the conclusions reached on the assignments made, it will not be necessary to make a more detailed statement of the facts shown by the evidence.

The negligence submitted against defendant Manchester appears from plaintiff's instruction 1, as follows: ". . . that if you find and believe from the evidence in this case that the defendant, Lawrence C. Manchester, drove and operated his said automobile east on Cook avenue at the time in question at an excessive and dangerous rate of speed under the circumstances which endangered the life and limb of plaintiff and in so doing was negligent, or that he failed and neglected to have his said automobile under such control that it could be readily and easily stopped on the appearance of danger and in so failing was negligent, or that he failed and neglected to keep a vigilant watch either ahead or laterally and in so failing was negligent, or that he failed and neglected to slow down for the intersection of Cook and Whittier streets and in so failing was negligent, or that he failed and neglected to drive and operate his said automobile as near the right-hand side of the street as practicable and in so failing was negligent, and that as a direct result of such negli-

gence his automobile collided with the cab in which plaintiff was riding . . . . "

Appellant Manchester contends that this instruction is erroneous for many reasons, but we need not consider more than one of these reasons. All of the assignments of negligence are submitted in the disjunctive and, if the submission of one assignment of negligence is erroneous the instruction is erroneous, because we can not determine on which submission the jury found for plaintiff and the verdict may have been returned on the erroneous submission. Rhineberger v. Thomas, 356 Mo. 520, 202 S. W. (2d) 64, 69; Carlisle v. Tilghmon (Mo. Sup.), 159 S. W. (2d) 663, 665; Whitehead v. Fogelman (Mo. App.), 44 S. W. (2d) 261, 263.

Appellant Manchester says that the instruction submits no issues of fact to guide the jury in determining the issues of negligence; that whether any particular act is negligently done depends upon the facts and circumstances surrounding it; that no finding of facts was required in connection with the submitted issues of negligence; that the instruction "permitted the jury to guess and to speculate as to what facts, if found, would support submitted bases of recovery"; and that, disregarding the fact issues in the case, instruction 1 simply turned the jury loose with a roving commission to return a verdict without any specific finding of facts upon which to predicate a finding of negligence as to "speed, lookout, control, slowing for an intersection or right side driving." Our attention is directed particularly to the fourth submission, towit, that defendant Manchester "failed and neglected to slow down for the intersection of Cook and Whittier streets and in so failing was negligent . . . and that as a result of such negligence his automobile collided with the cab . . . ." Appellant Manchester insists that this submission "absolutely fails to set out any of the circumstances which the jury should properly be charged to find as a necessary predicate to reaching the ultimate determination of negligence"; and that the submission included no standard whatsoever by which a finding of negligence could be measured against the evidence in the case. It further appears that the act submitted, towit, the failure to slow down for the intersection was not negligence per se.

. . ."It is the settled rule that an instruction purporting to cover the whole case and authorize a verdict should require the finding of all the facts necessary to sustain the verdict. Negligence being usually a question for the jury, an instruction should set out the facts, supported by the evidence, relied on to show the acts of negligence so [543] the jury may determine whether or not the commission of such acts was negligence." Carson v. Evans, 351 Mo. 376, 173 S. W. (2d) 30, 32.

In the case of Alexander v. Hoenshell (Mo. App.), 66 S. W. (2d) 164, 168, in criticising an instruction in that case, the court said:

"But we think that the most serious objection made to said instruction is that it assumes negligence on the part of defendant, or rather fails to set out the circumstances under which, if found to be true, 'the defendant negligently turned his automobile to the left and north and then started across said highway.' It must be borne in mind that whether the turning of defendant's car north to go across the highway to the filling station was negligent or not depends on the circumstances under which it was done. If defendant suddenly, and without signal or warning, turned and started across the north half of the slab when plaintiff's car was approaching and only a few feet away on that part of the slab, as plaintiff contends, then such turning was negligent. The instruction does not, however, submit these matters to the jury for them to pass upon, but merely says to the jury: 'If you find that defendant negligently turned his automobile to the north and started across said highway,' etc., "then your verdict must be for the plaintiff.' "

In Lesser v. St. Louis & Suburban R. Co., 85 Mo. App. 326, 335, the court said: "The error is that it (the instruction) left it to the jury to find wrongful conduct on the part of the conductor, without calling the attention of the jury to such facts as in law would amount to wrongful conduct. The jury were required to find both the law and the facts. This was palpable error (citing cases) and such error as can not be cured by proper instructions for the opposing party."

In Annin v. Jackson, 340 Mo. 331, 100 S. W. (2d) 872, 875 (where negligence in operation of a motor vehicle was submitted without hypothesizing the facts bearing thereon) the court said: "It is the accepted rule of decision, even in those cases where general averments are made and the doctrine of res ipsa loquitur does not apply, that when it comes to submit the question of liability to the jury thereunder the instructions must reckon with facts and require a finding upon the particular negligent acts revealed in the evidence, and, unless they do so, the judgment should be reversed therefor.' Miller v. United Rys. Co., 155 Mo. App. 528, loc. cit. 545, 134 S.W. 1045, 1050."

In the case of Burgher v. Niedorp (Mo. App.), 50 S.W. 2d) 174, writ of certiorari quashed in State ex rel. Burger v. Trimble, 331 Mo. 748, 55 S.W. (2d) 422, 423, one of the assignments of negligence charged and submitted was failure to keep the automobile under proper control. The instruction submitting this issue was held to be erroneous, as follows: "It authorizes recovery if the jury found 'that defendant carelessly and negligently failed to exercise the highest degree of care in the operation of said automobile to keep same under proper control and management.' This required no finding of fact that would show the manner in which the defendant failed to use due care, independent of the specific grounds of recovery, and no such fact or facts were either alleged or proved. The jury was not confined to the issues and the evidence, but was liberated and commissioned to speculate in reference to what the defendant did or failed

to do in the management of the car, and in what respect she failed to exercise the highest degree of care, and to find against her upon any conceivable ground arising in the mind of the jury, and independent of the evidence.''

We hold that the submission by instruction 1 of defendant Manchester's alleged negligence in failing to slow down for the intersection in question was too broad, indefinite and uncertain. It submitted no facts to aid the jury in determining the issue of negligence. No facts sufficient to raise a duty to slow down for the intersection were required to be found by the jury. Under this submission the jury was left free to speculate concerning the facts necessary to impose a duty to slow down and to find for plaintiff on any theory of negligence in that respect satisfactory to them. The giving of the instruction was reversible error. State ex rel. Burger v. Trimble, supra; Annin v. Jackson, supra; Carson v. Evans, supra; Alexander v. Hoenshell, supra; Feldewerth v. Wabash R. Co., 181 Mo. App. 630, 164 S. W. 711; Sommers v. St. Louis [544] Transit Co., 108 Mo. App. 319, 324, 83 S.W. 268, 270; Lesser v. St. Louis & Suburban R. Co., supra; Pruett v. Campbell Lumber Co., 188 Mo. App. 347, 174 S.W. 164, 165. We deem it unnecesary to extend this opinion in order to determine the validity of other objections to this instruction. In the event of another trial of the cause, counsel should modify the instructions to conform to the rules established by the cases cited and submit such negligence as may be pleaded and shown at such trial.

Appellant Mitchell assigns error on the giving of plaintiff's instruction 2. He contends that the instruction is erroneous for many reasons, two or more connected with each submission of negligence contained in the instruction, but we need consider only one of the grounds assigned. Appellant Mitchell says that "the form of the instruction was erroneous"; that it submitted a general charge of negligence unrelated to facts in evidence; and that "it was too general, failed to inform the jury of fact issues necessary to a verdict"; and that it "authorized the jury to speculate upon unknown and undefined facts unrelated to 'control' or any other pleaded or proven act of negligence."

Instruction 2, submitted charges of negligence against defendant Mitchell, as follows: ". . . . that if you find and believe from the evidence in this case that on the date in question the operator of the taxicab, which he was operating south on Whittier street on behalf of Willie Mitchell . . . . drove and operated said taxicab, at the time, at an execssive and dangerous rate of speed under the circumstances and in so doing was negligent; or that the operator of said taxicab failed and neglected to have said vehicle under such control that it could be readily and easily stopped on the appearance of danger and in so failing was negligent; or that the operator of said taxicab failed and neglected to sound a horn or signal of warn-

ing of the approach or movement of said vehicle and in so failing was negligent; or that the operator of said taxicab failed and neglected to drive and operate said vehicle as near the right-hand side of the street as practicable and in so doing was negligent, and that as a direct result of said negligence said cab was struck by or collided with the automobile being driven by the defendant Lawrence C. Manchester, and that the plaintiff was injured as a direct result thereof, . . ."

In this instruction, as in instruction 1, all assignments of negligence were submitted in the disjunctive and, if the submission of any assignment is erroneous, the instruction is erroneous. Rhineberger v. Thompson, supra. Directing our attention to the first submission, towit, that the taxicab driver drove and operated the taxicab "at an excessive and dangerous rate of speed under the circumstances and in so doing was negligent." It will be noticed that no fact issues were submitted to guide the jury in determining the issue of negligence; and that no finding of fact was required, either as to the speed at which the taxicab was being operated, or as to the circumstances then and there existing. The issue of negligence was submitted without any guide whatever as to what particular speed, or under what particular circumstances, would sustain a finding of negligence. No issues of fact were submitted for determination, although the parties had offered conflicting evidence as to speed and circumstances. The jury was given a roving commission to speculate and make their own determination as to what conduct constituted negligence. We need not consider other objections leveled against this instruction. The giving of instruction 2 constituted reversible error. State ex rel. Burger v. Trimble, supra, and other cases heretofore cited.

Appellant Mitchell further assigns error on the giving of instruction 6, given at the request of defendant Manchester, and on the giving of instruction 3, requested by the plaintiff. Appellant Mitchell says that by instruction 3 the plaintiff adopted the negligence submitted by defendant Manchester against defendant Mitchell; that instruction 6 was erroneous in that it failed to submit enough fact to warrant a finding of negligence in driving on the left side of Whittier street while passing automobiles stopped at the intersection with Cook avenue; and that instruction 6 was further erroneous in submitting negligent failure to yield the right of way "without authorizing [545] the jury to consider facts and circumstances bearing upon or modifying the duty, if any, to yield a right of way." Instruction 6 was a sole cause instruction offered by defendant Manchester against defendant Mitchell to the effect that, if certain specific negligence of defendant Mitchell, as therein submitted, was found to be the sole cause of plaintiff's injuries, and defendant Manchester was not guilty of negligence as submitted in other instructions, the jury should find for defendant Manchester.

The submission in instruction 6 was, in part, as folows: ". . . that if you find and believe from the evidence in this case that a collision occurred between the two automobiles mentioned in evidence at the intersection of Whittier and Cook avenues in the city of St. Louis and if you find that the driver of the automobile in which plaintiff was riding at the time and place mentioned in evidence, (a) carelessly and negligently failed to keep a reasonable lookout for other cars, particularly that driven by defendant Manchester, or (b) carelessly and negligently drove his car at a high and excessive rate of speed under the circumstances, or (c) carelessly and negligently operated his car on the left-hand side of Whittier street while passing cars stopped at the intersection mentioned in evidence, or (d) failed to yield and extend the right of way to the automobile operated by defendant, Manchester, if you find that both cars reached the intersection at or approximately the same time, then you are instructed, if you find that the driver of the automobile in which plaintiff was riding failed to exercise the highest degree of care in any of such particulars, if any you find, and if you further find and believe from the evidence that any of the above enumerated acts of the driver of the automobile in which plaintiff was riding, if any, was the sole cause of the collision mentioned in evidence, . . ."

Plaintiff's instruction 3, given to the jury along with instruction 6 was as follows: "The Court instructs the jury that if you believe and find from the evidence in this case that both the defendants were negligent in the manner and form set forth in other instructions, and that such negligence contributed and concurred to cause plaintiff's injuries, if any, then your verdict is to be for plaintiff and against both defendants."

We think it is apparent that instruction 3 was erroneous, because, when read together with instruction 6, the jury might be misled and confused thereby, and believe that a verdict in favor of plaintiff was authorized against defendant Mitchell on the grounds of negligence submitted against defendant Mitchell in instruction 6. When instruction 3 was read with instruction 6, the jury my have believed that a verdict was authorized in favor of plaintiff upon an assignment of negligence not pleaded by plaintiff, towit, the failure of defendant Mitchell to yield the right of way to defendant Manchester. It further appears that instruction 6, in submitting certain of these assignments of negligence against defendant Mitchell, particularly, the second and third submission, is subject to the same defects as pointed out with reference to instruction 1 and 2, in that the instruction submits and requires no sufficient finding of facts to guide the jury in determining the issues of negligence submitted. It gives the jury a roving commission to determine negligence regardless of what conclusion they might reach on the conflicting issues of fact presented by the evidence. See, Long v. Mild, 347 Mo. 1002, 149 S.W. (2d)

904

853, 860; Stanich v. Western Union Telegraph Co., 348 Mo. 188, 153 S.W. (2d) 54, 56. We need not consider other objections urged against these instructions. The giving of instructions 3 and 6 was reversible error for the reasons heretofore stated.

Other assignments of error need not be determined. The issue raised concerning the misconduct of juror Dillon will not appear on a re-trial and the issue of an excessive verdict may not reoccur. Evidence concerning the plaintiff's physical condition, subsequent to the date of the first trial, may result in a verdict differing in amount. In any case, in view of the alleged misconduct of one of the nine jurors signing the verdict and the evidence shown with reference thereto, we think the issue [546] of damage should remain open with the issue of liability.

The judgment is reversed and the cause remanded. It is so ordered. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.