W. FERD DAHLEN, Plaintiff-Appellant, v. RICHARD L. WRIGHT, Defendant-Respondent, W. FERD DAHLEN Co., INC., a Corporation, Defendant-Appellant, No. 41709—235 S. W. (2d) 366.

Division Two, December 11, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, January 8, 1951.

*Edwin A. Smith* and *Walter Wehrle* for plaintiff-appellant W. Ferd Dahlen and defendant-appellant W. Ferd Dahlen Co., Inc.

*Oliver J. Miller, James J. Milligan* and *Lashly, Lashly & Miller* for defendant-respondent.

[366] BARRETT, C.—W. Ferd Dahlen instituted this action against Richard L. Wright to recover $15,000.00 damages for injuries and losses resulting from an intersectional automobile collision. Upon the trial of the cause a jury found against Dahlen on his cause of action and returned a $1500.00 verdict in favor of Wright on his

counterclaim against Dahlen and W. Ferd Dahlen Company. Dahlen and his company appeal from Wright's judgment on the counterclaim. In the view we are compelled to take of the appeal it is necessary to consider but one assignment of error. Dahlen's cause was submitted upon the hypothesis of the humanitarian [367] doctrine and negligent failure to observe a stop sign on Edmondson Road and suddenly driving onto Natural Bridge Road in front of his automobile. Wright's counterclaim was also submitted upon Dahlen's negligence under the humanitarian doctrine and primary negligence of speed in the circumstances. There was evidence on both sides, conflicting evidence, supporting all the charges of negligence and the decisive question upon this appeal is whether the court erred in instructing the jury upon Wright's counterclaim.

His claim of Dahlen's negligent speed was submitted in this instruction, and there were no other instructions on the subject (Carson v. Evans, 351 Mo. 376, 173 S. W. (2) 30):

"The court instructs the jury that if you find and believe from the evidence, on the occasion mentioned in the evidence, that the plaintiff W. Ferd Dahlen and defendant W. Ferd Dahlen, Inc., a corporation, through its agent and servant, drove and operated an automobile in a westerly direction on Natural Bridge Road, at or near the intersection of Edmondson Road, at a high and excessive rate of speed, having regard to the circumstances and conditions then and there present, if you so find, and if you further believe that defendant W. Ferd Dahlen, Inc., a corporation, through its agent and servant thereby failed to exercise the highest degree of care, and was thereby negligent, if you so find, and if you further find that such negligence, if you find said plaintiff and defendant W. Ferd Dahlen, Inc., were so negligent, directly and proximately caused the collision mentioned in the evidence and defendant Wright's injuries, if any, and you further find and believe that defendant Wright was then and there exercising the highest degree of care for his own safety, then your verdict must be in favor of the defendant Wright and against the plaintiff W. Ferd Dahlen on his cause of action, and in favor of defendant Wright on his counterclaim and against the plaintiff W. Ferd Dahlen and the defendant W. Ferd Dahlen Inc., a corporation."

It is not necessary to detail the evidence on the subject but Dahlen's contention that there was no competent, relevant or material evidence to support the instruction is without foundation, as we have suggested. In this connection it may be noted that several of the cases upon which Wright relies in justification of the instruction are not in point for in those cases the question was whether the instructions on speed were within the purview of the pleadings or the evidence.

Johnessee v. Central States Oil Co., (Mo. App.) 200 S. W. (2) 383; Koelling v. Union Fuel & Ice Co., (Mo. App.) 267 S. W. 34; McKinney v. Bissel, (Mo. App.) 263 S. W. 533; Reese v. Holekamp, (Mo. App.) 260 S. W. 762. Likewise, we are not confronted with the question of whether the instruction erroneously broadened the issues (Bradley v. Becker, 296 Mo. 548, 246 S. W. 561) and we are not concerned with whether the instruction is a correct or an incorrect abstract statement of the law with reference to speed or of Dahlen's duty. Lach v. Buckner, (Mo. App.) 86 S. W. (2) 954, 961.

The precise question is whether the instruction sufficiently submits and hypothesizes the *facts* concerning speed or whether it submits a mere conclusion of law. The appellant insists that no fact issues were submitted to guide the jury and that no finding of fact was required, either as to the speed at which the automobile was being operated or as to the circumstances then and there existing. He says that the issue of negligent speed was submitted without any guide whatever as to what particular speed or under what particular circumstances the speed would sustain a finding of negligence and argues that the jury was given a roving commission to guess and speculate without a guide, especially so in view of the conflicting evidence. The collision occurred at night, about ten o'clock, and Wright's witnesses fixed Dahlen's speed at thirty-five miles an hour, one of his witnesses, his guest, fixed his speed at sixty-five to seventy miles an hour. Dahlen admitted driving thirty-five miles an hour for a half mile and Wright argues, therefore, that his admission is presumptive evidence of excessive speed, negligence per se, (Mo. R. S. A., Sec. 8383; Benzel v. Anishanzlin, (Mo. App.) 297 S. W. 180) under the statute and the giving of the instruction could [368] not constitute error in any event. But obviously Wright did not rely upon that clause of the statute, and in Goggin v. Schoening, (Mo. App.) 199 S. W. (2) 87, there was no question as to whether the instruction sufficiently hypothesized the facts. The real question there, again, was whether there was any evidence of speed. But, assuming that Wright did rely upon that phase of the statute,—on that theory as with negligent speed in the circumstances, "The instruction does not hypothesize facts constituting the express violation of a statute." Swain v. Anders, 349 Mo. 963, 973, 163 S. W. (2) 1045, 1051. Finally Wright contends that a similar instruction has often been given and approved and that the approving cases have not been specifically overruled. The only case in which the precise question was involved and which approved a similar instruction is Riner v. Riek, (Mo. App.) 57 S. W. (2) 724.

The controlling and decisive case is Yates v. Manchester, 358 Mo. 894, 217 S. W. (2) 541, and it is immaterial, as will appear, that several assignments of primary negligence were submitted disjunctive-

ly. "Instruction 2, submitted charges of negligence against defendant Mitchell, as follows: '. . . that if you find and believe from the evidence in this case that on the date in question the operator of the taxicab, which he was operating south on Whittier street on behalf of Willie Mitchell . . . drove and operated said taxicab, at the time, at an excessive and dangerous rate of speed under the circumstances and in so doing was negligent; or that the operator of said taxicab failed and neglected to have said vehicle under such control that it could be readily and easily stopped on the appearance of danger and in so failing was negligent; or that the operator of said taxicab failed and neglected to sound a horn or signal of warning of the approach or movement of said vehicle and in so failing was negligent; or that the operator of said taxicab failed and neglected to drive and operate said vehicle as near the right-hand side of the street as practicable and in so doing was negligent, and that as a direct result of said negligence said cab was struck by or collided with the automobile being driven by the defendant Lawrence C. Manchester, and that the plaintiff was injured as a direct result thereof, . . .' In this instruction, as in instruction 1, all assignments of negligence were submitted in the disjunctive and, if the submission of any assignment is erroneous, the instruction is erroneous. Rhineberger v. Thompson, supra. Directing our attention to the first submission, to wit, that the taxicab driver drove and operated the taxicab 'at an excessive and dangerous rate of speed under the circumstances and in so doing was negligent.' It will be noticed that no fact issues were submitted to guide the jury in determining the issue of negligence; and that no finding of fact was required, either as to the speed at which the taxicab was being operated, or as to the circumstances then and there existing. The issue of negligence was submitted without any guide whatever as to what particular speed, or under what particular circumstances, would sustain a finding of negligence. No issues of fact were submitted for determination, although the parties had offered conflicting evidence as to speed and circumstances. The jury was given a roving commission to speculate and make their own determination as to what conduct constituted negligence. We need not consider other objections leveled against this instruction. The giving of instruction 2 constituted reversible error." 358 Mo., l. c. 901-902, 217 S. W. (2), l. c. 544. The practicality and logical soundness of the rule may be debatable but the tendency is to require a rather precise and specific factual hypothesization. There is a vast difference in certain sole cause situations and instructions and submissions of various assignments of primary negligence but the plain implication of Janssens v. Thompson, 360 Mo. 351, 228 S. W. (2) 743, is that such instructions must precisely and accurately hypothesize the facts relied upon.

Yates v. Manchester, supra; Swain v. Anders, supra; State ex rel. Grisham v. Allen, 344 Mo. 66, 124 S. W. (2) 1080. The giving of quoted instruction seven was [369] prejudicially erroneous and the cause is therefore reversed and remanded. *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.