250 S.W.2d 980 (1952)
CANTWELL et al.
v.
ZOOK.
No. 42740.
Supreme Court of Missouri, Division No. 2.
July 14, 1952.
Motion for Rehearing or to Transfer to Denied September 8, 1952.
Ward & Reeves, Caruthersville, for appellant.
Robert A. Dempster, David E. Blanton, Harry C. Blanton, Sikeston, for respondents.
Motion for Rehearing or to Transfer to Court en Banc Denied September 8, 1952.
BROADDUS, Special Judge.
This is an action brought by eight plaintiffs against the defendant, Earl Zook, for *981 personal injuries. The total amount sued for by plaintiffs was $63,250. By separate verdicts the jury found for defendant. The trial court sustained plaintiffs' joint motion for a new trial and defendant has appealed.
In view of the question presented it is only necessary to give a brief outline of the case. It arose out of an automobile collision between a Dodge truck driven by defendant and a Jeep Station Wagon driven by plaintiff, General T. Cantwell. In General T. Cantwell's jeep were his wife, Jessica Mae Cantwell, and his small children, Carolyn Joy Lee, a stepchild, and Gary Thomas Cantwell; Glen R. Cantwell and his wife, Lottie Cantwell, and their two small children, Doris Jean Cantwell and Glen R. Cantwell, Jr. All were plaintiffs and all were injured, several seriously. The collision occurred at about 5 p. m. on May 28, 1950, in Mississippi County, Missouri, on a farm-to-market road running in an easterly and westerly direction. According to plaintiff, General T. Cantwell, driver of the jeep, as he drove west, he first observed defendant's Dodge truck parked on the north side of the road opposite a driveway; that as he neared the truck he was driving his jeep about 35 miles per hour and when he got "real close" to defendant's truck he started to go around it, whereupon defendant, without any warning, turned his truck to the left and directly in front of the jeep; that he then turned his jeep to the right attempting to keep from hitting the truck of defendant in the side as it crossed the road in front of him. The result was that the left front fender of the jeep struck the left rear corner of defendant's truck. The jeep was demolished. Defendant's evidence was that at no time was his truck parked on the highway, but that he had slowed it down to about five miles per hour before the jeep struck the rear end of his truck; that 50 or 60 feet before reaching the intersection of the driveway, he extended his arm "straight out" to the left, indicating his intention to turn, but had not made any turn at the time the jeep collided with his truck.
The ground specified by the trial court for granting plaintiffs a new trial was that Instructions 18, 19 and 20 given at defendant's request were erroneous. That they were defendant, in effect, concedes. But each of these instructions is specifically limited to alleged contributory negligence of plaintiff, General T. Cantwell, the driver of the jeep, as such negligence affected his right to recover. In no way did they affect the right of any of the other seven plaintiffs to recover against defendant and, as stated, the court below gave all of the plaintiffs a new trial. However, the court gave at defendant's request Instruction 24. It dealt with all of the plaintiffs and they assert it too was erroneous.
It is the established rule in this state that, though the order granting a new trial cannot be sustained upon the ground specified by the trial court, a respondent is entitled to have the other assignments of error in his motion reviewed and the order granting a new trial affirmed if it can be upheld upon such other grounds. State ex rel. Spears v. Hughes, 346 Mo. 421, 142 S.W.2d 3. The seventh ground of plaintiffs' (respondents) motion for new trial was: "That the court erred in giving each and every instruction he gave at the request of the defendant." Thus plaintiffs are in a position which entitles them to challenge the correctness of said Instruction 24. They say that it was erroneous "in submitting to the jury the alleged negligent speed of the driver without submitting fact issues to guide the jury in determining the issue of negligence and without requiring any finding of fact as to speed or existing circumstances." In our opinion, the point is well taken. The instruction is as follows: "The court instructs the jury that if you find and believe from the evidence the plaintiff, General T. Cantwell, as he approached the truck operated by the defendant, drove his vehicle at a high, excessive and dangerous rate of speed under the circumstances, so as to endanger the lives and property of other persons including the plaintiffs, if you so find, and that in so doing said plaintiff was guilty of negligence, if you so find, and that said negligence was the direct and proximate cause *982 of the collision and injuries to the plaintiffs, if you so find, and that defendant Earl Zook was not guilty of any negligence defined in other instructions, if you so find, then your verdict must be against all the plaintiffs and in favor of defendant, Earl Zook."
Similar instructions have been condemned by this court in several recent decisions. Two of the latest are Green v. Guynes, Mo.Sup., 235 S.W.2d 298, 303, and Dahlen v. Wright, Mo.Sup., 235 S.W.2d 366. In the Green case it is said: "The first assignment of negligence submitted [in instruction No. 7] is that the appellants were operating the truck "at an excessive or dangerous rate of speed under the circumstances.' In the case of Yates v. Manchester, 358 Mo. 894, 217 S.W.2d 541, we held an instruction which stated that the taxicab was driven `at an excessive and dangerous rate of speed under the circumstances' was error. In ruling that case, we said, "The issue of negligence was submitted without any guide whatever as to what particular speed, or under what particular circumstances, would sustain a finding of negligence. No issues of fact were submitted for determination, although the parties had offered conflicting evidence as to speed and circumstances. The jury was given a roving commission to speculate and make their own determination as to what conduct constituted negligence.'"
Defendant claims that plaintiffs are estopped from asserting error in the giving of said Instruction 24 and points to Instructions 3 and 4 given at the request of plaintiffs. He says that if Instruction 24 was erroneous in its failure to submit fact issues the same can be said of Instructions 3 and 4. The rule is, of course, widely recognized that a party will not be heard to complain of error in his opponent's instruction which is common to his own. However, it has no application here. Instructions 3 and 4 dealt with entirely different issues, and were patterned after many which have met with the approval of our appellate courts.
The order granting plaintiffs a new trial is affirmed and the cause is remanded.
All concur.