254 S.W.2d 630 (1953)
OSHINS
v.
ST. LOUIS PUBLIC SERVICE CO.
No. 43117.
Supreme Court of Missouri, Division No. 2.
February 9, 1953.
*631 C. Allen Trumbull and William L. Mason, Jr., St. Louis, for appellant.
Mattingly, Boas & Richards and Lloyd E. Boas, St. Louis, for respondent.
ELLISON, Judge.
The plaintiff-appellant Oshins sued the defendant-respondent St. Louis Public Service Company for $10,000 damages for personal injuries sustained in a collision between an automobile in which he was riding and one of the respondent's motorbuses at a street intersection between North and South Road and Delmar Boulevard in University City. Plaintiff's petition charged conjunctively a number of negligent acts on the part of the bus driver. At the trial the jury returned a verdict for the defendant. Appellant Oshins' sole assignment of error on this appeal complains of a converse instruction No. 2 given to the jury at the request of the defendant-respondent Public Service Company offsetting appellant's main instruction.
This main instruction stated conjunctively that if the jury found and believed from the evidence: (1) that the defendant's motorbus was proceeding westerly on Delmar Boulevard toward and into its intersection with North and South Road; (2) that the bus was then moving at a speed of 40 to 50 miles per hour; (3) that at said time and place the automobile in which plaintiff Oshins was riding was proceeding into said intersection from the north and in the process of making a left turn eastwardly on Delmar Boulevard; (4) that the streets at said intersection were wet; (5) that there was a considerable downgrade on Delmar Boulevard for a vehicle (the motorbus) moving westwardly at that point; (6) that under the foregoing facts the bus speed of 40 to 50 miles per hour was high and excessive; (7) that by operating the motorbus at that speed in the recited circumstances the bus operator failed to exercise the highest degree of care and was negligent; (8) that the collision was the direct result of that negligence; (9) that the plaintiff sustained injuries as a result thereof; (10) then, and in those circumstances, the jury's verdict should be for the plaintiff Oshins and against the defendant-respondent Public Service Company.
The defendant-respondent Public Service Company's brief converse instruction No. 2 given and here assailed was as follows: "The court instructs the jury that if you find and believe from the evidence that at the time and place in question the bus mentioned in the evidence was not being operated at a high and excessive rate of speed under the circumstances then and there existing, then your verdict should be against the plaintiff and in favor of the defendant."
The contention of plaintiff-appellant Oshins was and is, that under Yates v. Manchester, 358 Mo. 894, 898-901(2, 3), 217 S. W.2d 541, 542-544(2-4), he, as plaintiff, was required to state in his instructions all the facts necessary to sustain a verdict in his favor. From this he argues that the defendant-respondent was under the same duty to state all the facts in detail in its converse instruction, in order to submit to the jury the question of its own non-liability; and that it had no right merely to require in the foregoing brief instruction No. 2 a negative finding as to excessive speed of the bus in the existing circumstances. See also the cases cited below.[1]
But in all these cases the assignments of negligence were made in the disjunctive, whereas in the instant case they were in the conjunctive. The respondent's alleged negligence was predicated on excessive speed in all the specified circumstances. This being true respondent's instruction was not required to detail the topography and other collateral facts and did not err in telling the jury that if they found the speed of the bus was not excessive in those circumstances, their verdict should be for the respondent. It did not have the burden of proof.
The judgment for respondent is affirmed
All concur.
NOTES
[1] Cantwell v. Zook, Mo.Sup., 250 S.W.2d 980, 981-982(1, 2); Green v. Guynes, Mo.Div. 2, 361 Mo. 606, 617(7), 235 S.W. 2d 298, 303-304(15, 61); Dahlen v. Wright, Mo.Div. 2, 361 Mo. 524, 235 S.W. 2d 366, 368(2); Teague v. Plaza Express Co., 356 Mo. 1186, 1194(5), 205 S.W.2d 563, 567(10, 11).