256 S.W.2d 760 (1953)
BLOCK
v.
RACKERS et al.
No. 42918.
Supreme Court of Missouri, Division No. 1.
March 9, 1953.
Rehearing Denied April 13, 1953.
*761 Roy Coyne, Joplin, for appellants.
Burden & Shortridge, Joplin, for respondent.
DALTON, Judge.
Action for damages for the wrongful death of plaintiff's husband. Section 537.080 RSMo 1949, V.A.M.S. Verdict and judgment were for plaintiff for $15,000 and defendants have appealed. Error is assigned on the giving of Instruction P-1 and on the court's action in permitting plaintiff's counsel to argue to the jury that defendant Rackers had not testified in the case.
On August 11, 1950, at about 8 a. m., Edward H. Block, an employee of the Sarcoxie Special Road District, was operating a 14,000 pound motor-driven road grader in a westward direction on the north side of U. S. Highway No. 166, about two miles west of Sarcoxie. The highway, a very heavily traveled public one, was paved with a twenty foot slab of concrete. The day was clear and the pavement dry. Block was operating the grader at about 20 miles per hour and, when he reached a point about 300 feet east of the point where State Highway No. 37 intersects U. S. Highway No. 166, the grader was struck from the rear by a 1949 International "semi-truck" (a tractor with a stock trailer attached) operated by defendant Rackers. The front of the grader was thrown to the north side of the highway and, when the front wheels reached the far side of a three foot ditch on the north side of the highway, *762 the grader, while headed in a northwest direction, turned over on its left side and crushed Block under the cab of the grader. He was dead when removed therefrom.
The tractor portion of the truck came to rest on the north shoulder of the highway, with the major part of the trailer on the north half of the pavement, but extending over the center line so as to interfere with eastbound traffic. The witnesses referred to the tractor as having been demolished. The tractor and trailer stopped near the rear of the road grader. The right front fender and bumper of the tractor and the left rear wheel of the grader showed particular damage. Dirt and debris were visible on the north side of the pavement from where the tractor came to rest to a point 10 to 15 feet behind the trailer. Skid marks, which began 16 feet east of the dirt and debris, extended west to where the tractor came to rest. The truck (tractor with trailer attached) was owned by defendant Baclesse and was being operated by defendant Rackers, an employee of defendant Baclesse. Rackers was driving the truck to Joplin on business for Baclesse and under Baclesse's instructions. The truck approached the grader from the rear, as both vehicles were moving in the same direction. At a point one-half mile east of the point of collision the tractor and trailer were being operated at 50 to 60 miles per hour and their speed immediately before the collision was 70 miles per hour.
U. S. Highway No. 166 is fairly level for "a considerable distance" from the intersection with State Highway No. 37, at least for a half mile or so east of the intersection. There was evidence that the driver of an automobile approaching the point of collision from the east after the collision was able to see the wrecked vehicles on the highway from the time he came within a half mile of their location.
A highway patrolman, who reached the scene within 15 to 20 minutes after the collision occurred, testified that defendant Rackers said he was driving at a speed of 45 to 50 miles per hour. He quoted Rackers as saying: "I came upon this grader and tried to stop, and there was an oncoming car, I could not pass or stop in time." Admissions against interest from defendant Rackers' deposition were offered in evidence to the effect that he was driving the truck; that he saw the road grader when he started to pass it, but he would not say how far he could see it; that he thought he was in the neighborhood of 50 to 75 feet from the road grader when he saw "this other car"; and that he was then in the left lane approaching the grader to pass and he pulled back into the right lane and hit the grader. He said that he did not see where the other car came from and he did not see it after he stopped. The right center of his truck struck the left center of the road grader. Plaintiff offered a number of witnesses whose testimony tended to prove that there was no such "other car" traveling east on the highway in the vicinity at about the time of the collision. In view of the issues presented, it is unnecessary to further review the evidence.
Appellants first contend that "the court erred in giving plaintiff's Instruction P-1 for the reason that there is no evidence to submit to the jury on the rate of speed that defendants' driver was operating at the time of the collision." Appellants submit no authorities and make no argument in support of this assignment. The assignment is without merit for the reason that plaintiff submitted her cause on two specific assignments of negligence in the conjunctive, to wit, negligent speed and negligent failure to keep a lookout ahead.
The instruction is in part, as follows: " * * * and if you further find and believe from the evidence that said tractor and trailer overtook from the rear and collided with said motor grader, if so; and if you further find and believe from the evidence that defendant Rackers failed to exercise the highest degree of care by negligently and carelessly driving and operating said tractor and trailer at a high and dangerous rate of speed under the facts and circumstances there attending, if you so find, and negligently and carelessly failing to keep reasonable lookout ahead for said motor grader being driven by said *763 Edward H. Block and preceding said tractor and trailer on said highway, and other traffic, if you so find; * * *."
Since the second assignment of negligence is fully supported by the evidence, and there is no contention that is is not so supported, it was not reversible error to give Instruction P-1 even if the first assignment of negligence, as submitted by the instruction, was unsupported by evidence. Wright v. Spieldoch, 354 Mo. 1076, 193 S. W.2d 42, 47; Corley v. Kroger Grocery & Baking Co., 355 Mo. 4, 193 S.W.2d 897, 900; Rinderknecht v. Thompson, 359 Mo. 21, 220 S.W.2d 69, 74; Beahan v. St. Louis Public Service Co., 361 Mo. 807, 237 S.W.2d 105, 107. However, we think that both assignments of negligence are sufficiently supported by evidence.
Appellants further contend that Instruction P-1 is erroneous "for the reason that the issue of negligence was submitted without any guide whatever as to what particular speed or * * * what particular circumstances would sustain a finding of negligence"; that "no issues of fact were submitted for determination, although the parties had offered conflicting evidence as to speed and circumstances"; and that "the jury was given a roving commission to speculate and make their own determination as to what conduct constituted negligence." Defendants' motion for a new trial contained no general assignment of error as to the giving of Instruction P-1. The motion contains a number of specific assignments of error with reference to this instruction, but the assignment now made does not appear therein, nor is it included within any assignment made in the motion. In such situation, the point now attempted to be raised for the first time in this court has not been preserved for review. Sterrett v. Metropolitan Street R. Co., 225 Mo. 99, 105, 123 S.W. 877; Mitchell v. Russell, Mo.App., 170 S.W.2d 137, 138; Section 512.160, subd. 1 RSMo 1949, V.A.M.S.; Sup.Ct. Rule 3.23.
Further, even if the instruction in submitting the issue of negligent speed made an erroneous submission of that issue, the error was not reversible because the issue was submitted in the conjunctive with the issue of failure to keep a lookout ahead, on which issue the jury was also required to make an affirmative finding before finding for plaintiff. The validity and sufficiency of the submission on the latter issue is not questioned. See Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91, 98 (12); Bowman v. Standard Oil Co., 350 Mo. 958, 169 S.W.2d 384, 386(4); Fantin v. L. W. Hays, Inc., Mo.Sup., 242 S.W.2d 509, 512(7).
However, we do not consider the submission on the issue of negligent speed to be erroneous. In this case the defendants offered no evidence and the cause was submitted solely upon plaintiff's evidence. There were no evidentiary facts or factual theory before the jury, which, if true, would bar the plaintiff from recovery as a matter of law. No witness testified to any factual situation, which, if true, would require a verdict for defendants. The evidence did not present two conflicting factual theories, only one of which would authorize a verdict for plaintiff. It is true that the evidence as to the speed of the truck immediately before the collision varied from 45 to 70 miles per hour and there was a conflict of evidence as to whether or not another car (at the time and place in question) was traveling in the opposite direction on the highway, but regardless of whether the speed of the truck was 45 miles per hour or 70 miles per hour, and regardless of whether or not another vehicle was traveling in the opposite direction, the facts and circumstances in evidence, including the circumstance that the truck approached the grader from the rear and knocked it off the paved portion of the highway and turned it over, made out a case for the plaintiff on the issue of negligent speed. The jury could still find for plaintiff on the issue of negligent speed, regardless of what particular evidentiary facts the jury might believe and find to be true from such conflicting evidence as was offered as to speed and traffic conditions. In other words, no set of facts as testified to by the witnesses, if found to be true, would destroy the essential factual elements of plaintiff's case on the issue of negligent speed nor defeat recovery on that *764 issue. The only necessary issuable facts, other than the evidentiary facts required to be found by the jury, were the ultimate facts of negligence and proximate cause, both of which were submitted to the jury. If some of the jurors believed that the speed of the truck was 45 miles per hour and there was no automobile traveling in the opposite direction and the other jurors believed the speed of the truck was 70 miles per hour and there was an automobile traveling in the opposite direction, or believed any other combination of speed and circumstances as shown by the evidence, and all found for plaintiff, the facts would still be sufficient to sustain a finding for plaintiff on the issue of negligent speed. Compare, where two assignments of negligence are submitted in the disjunctive and some jurors find for plaintiff on one assignment and some find for plaintiff on the other assignment and a general verdict is returned for plaintiff. See Holden v. Missouri R. Co., 108 Mo.App. 665, 671, 677, 84 S.W. 133; Schroeder v. St. Louis Transit Co., 111 Mo.App. 67, 78, 85 S.W. 968; Section 510.230 RSMo 1949, V.A.M.S. In view of the evidence in this record, we think the ultimate issue of negligent speed under the facts hypothesized was properly submitted in Instruction P-1 without the further submission of evidentiary facts as to the particular speed and circumstances. See Knight v. Richey, Mo.Sup., 250 S.W.2d 972, 977 and Brewer v. Rowe, Mo.Sup., 252 S.W.2d 372, 374.
Appellants rely on Yates v. Manchester, 358 Mo. 894, 217 S.W.2d 541; Cantwell v. Zook, Mo.Sup., 250 S.W.2d 980; Green v. Guynes, 361 Mo. 606, 235 S.W.2d 298, 303; and Dahlen v. Wright, 361 Mo. 524, 235 S.W.2d 366. In each of these cases there were directly conflicting factual theories shown by the evidence. Under only one of these theories was the evidence sufficient to authorize a finding of negligent speed, but no factual theory was submitted.
Appellants' second assignment is that "the court erred in permitting the attorney for plaintiff to argue to the jury that Harold Rackers, one of the defendants in the case, did not take the stand, and the Court permitted the said plaintiff's counsel in argument to so state when the witness, Harold Rackers, was present in the court room and was equally available to plaintiff's counsel the same as he was available to defendants' counsel."
The record does not show that defendant Rackers was present in the court room during the trial of the cause. The allegation in the motion for a new trial did not prove itself. Mickel v. Thompson, 348 Mo. 991, 156 S.W.2d 721, 725. However, for the purposes of this opinion, we shall assume that defendant Rackers was present. His presence in the court room did not make him equally "available" to plaintiff and defendants. State v. Collins, 350 Mo. 291, 165 S.W.2d 647, 648. He clearly was not "available" to plaintiff, because he was a defendant in the case. He was also the agent and servant of the other defendant and the operator of the truck which caused the death of plaintiff's husband. It could hardly be anticipated that his testimony would be favorable to plaintiff or that she could safely vouch for his testimony by placing him upon the witness stand. He was not "available" to plaintiff as a witness, because of his personal interest (adverse to plaintiff) in the outcome of the case. Bobos v. Krey Packing Co., 323 Mo. 224, 19 S.W.2d 630, 634; Blick v. Nickel Saving Inv. & Bldg. Ass'n, Mo.Sup., 216 S.W.2d 509, 512; McInnis v. St. Louis-Southern, 341 Mo. 677, 108 S.W.2d 113, 116; 53 Am. Jur. 380, Trial, § 475. Further, it is well settled that the failure of a party having knowledge of the facts and circumstances vitally affecting the issues on trial to testify in his own behalf, or to call other witnesses within his power who have knowledge of such facts and circumstances, raises a strong presumption that such testimony would have been unfavorable and damaging to the party who fails to proffer the same. Baker v. Chicago, B. & Q. R. Co., 327 Mo. 986, 39 S.W.2d 535, 543; Ewing v. McIntosh, 359 Mo. 625, 222 S.W.2d 738, 741(1); 53 Am.Jur. 374, Trial, Sec. 469. Such failure may be commented upon in argument. In this case plaintiff did not offer defendant Rackers' deposition in full, but only read specific admissions against interest from it and the rule stated in Bostwick *765 v. Freeman, 349 Mo. 1, 160 S.W.2d 713, 718, does not apply. The court did not err in overruling the objection to the argument complained of or in refusing to discharge the jury.
The judgment is affirmed.
All concur.