PRISCILLA HOOPER, an Infant, by JAMES HOOPER, her Father and Natural Guardian, and JAMES HOOPER and ETOIL HOOPER, Respondents, v. BLANCHE CONRAD, ALBERT JAMES, and J. W. TRAMMEL, Appellants, No. 43143—260 S. W. (2d) 496.

Court en Banc, July 13, 1953.

Rehearing Denied, September 14, 1953.

*Dalton, Treasure & Dalton, John M. Dalton, Harold B. Treasure* and *John Hall Dalton* for Albert James and J. W. Trammel, appellants.

178

*Ward & Reeves* for Blanche Conrad appellant.

180

*McHaney & McHaney* for respondents.

182

HOLLINGSWORTH, J.—This case came to the writer after transfer to Court En Banc. Substantial portions of a divisional opinion will be used without quotation credit.

Plaintiffs, Priscilla Hooper, an infant, thirteen years old, and James Hooper and Etoil Hooper, parents of Priscilla Hooper, filed this suit in the Circuit Court of Dunklin County, Missouri, and on change of venue the case was tried in Stoddard County. The suit against defendants Conrad, James, and Trammel was to recover damages for injuries sustained by Priscilla Hooper when she was struck by a truck driven by defendant Blanche Conrad. Priscilla, by her guardian, James Hooper, obtained a judgment in the sum of $8,000 as damages for personal injuries and her parents obtained a judgment in the sum of $2,000 for the loss of the daughter's services. All of the defendants appealed.

The evidence showed that on May 14, 1951, at about 8:00 a.m., Priscilla and a number of other small children were on the north shoulder of Highway 25, a short distance east of Cardwell, Missouri. Defendant Blanche Conrad was, about that time, driving a pick-up truck north on a dirt road approaching the intersection of the dirt road with Highway 25. Defendant Albert James, who was alleged to be the servant of defendant, J. W. Trammel, was driving a tractor-trailer in a westerly direction on Highway 25. Plaintiff Priscilla Hooper and her companions were about 50 feet or so west of the intersection. As the pick-up truck was crossing the north half of the paved portion of Highway 25, it was struck by the tractor-trailer and pushed in a westerly direction for a distance of about 90 feet. The children, including plaintiff, were struck while on the north shoulder of the roadway. When the tractor-trailer came to a standstill, it was partially in the ditch on the north side ▮▮ of the road. Priscilla was thrown by the impact a distance of 30 feet or more into a nearby cotton patch.

On this appeal, defendant Blanche Conrad asserts that a number of instructions given by the trial court were erroneous and that the verdict of $8,000 in favor of Priscilla is grossly excessive. Defendant James makes similar complaints while defendant J. W. Trammel says the evidence was insufficient to show that James at the time of the collision was the servant of Trammel.

We shall first dispose of the contention that James was an independent contractor and not an employee or servant of Trammel. Trammel did not testify. James testified that he was the owner of the tractor-trailer; that at the time of the collision in question he was

working for the Trammel Trucking Company, and had been working for the company since February 1, 1951; that he was paid by the trip but was "guaranteed so much a week"; that, while he owned the truck and trailer which he was driving, it had been leased to Trammel. On the day in question he was transporting 9 or 10 tons of frozen fish from Cairo, Illinois, across Missouri to the Arkansas line for Trammel. The total weight of the load including tractor-trailer was about 14 tons.

Trammel contends in his brief that James was an independent contractor; that he did not have the right of control over James. James testified:

"Q. Did he [Trammel] have any control over your driving at all.

"A. No authority over the way I drove the truck."

However, further questioning disclosed the following:

"Q. Did they have authority to tell you the direction you were to go on these trips?

"A. Yes, sir.

"Q. They had the authority to tell you what roads to travel?

"A. Yes, sir.

"Q. And they guaranteed you a minimum amount of pay?

"A. Yes, sir.

"Q. And if you didn't haul anything you got that weekly salary?

"A. That is right."

Defendant Trammel offered no instruction on the question of employee or independent contractor. Plaintiff's instruction required a finding before authorizing a verdict against Trammel that James was operating the tractor-trailer "as agent and servant of defendant J. W. Trammel, and at the time he was engaged in the business of J. W. Trammel."

We hold the evidence did not, as a matter of law, show that James was an independent contractor. The jury was authorized to find that James was, in fact, an employee or agent. State ex rel. Chapman v. Shain, 347 Mo. 308, 147 S.W. 2d 457; Ross v. St. Louis Dairy Co., 339 Mo. 982, 98 S.W. 2d 717; Mattan v. Hoover Co., 350 Mo. 506, 166 S.W. 2d 557, l.c. 565 (7, 8).

The case was submitted to a jury as to the liability of Blanche Conrad on a charge of negligence in that she failed to "keep a lookout for vehicles and persons upon said highway and along the same." As to James the case was submitted on failure to keep a lookout, failure to have the tractor-trailer under control, and failure to have adequate and sufficient brakes.

There was little dispute in the evidence. Mrs. Conrad testified that she did not see the truck driven by James prior to the collision. James testified he did not see the Conrad truck until it was too late

for him to avert a collision. James admitted he did not have any brakes on the trailer, that is, the braking system was not connected so as to extend to the wheels of the trailer. The circumstances were shown to have been about as follows: the weather was clear; the roads were dry and the visibility was good. The terrain was level and there were no obstructions to prevent drivers on the highway or on the dirt road from seeing motor vehicles on either roadway for long distances from the intersection. Defendants do not contend that the evidence did not support all charges of negligence submitted.

The main contention of Conrad as well as that of James is that the principal instructions given on plaintiffs' behalf were erroneous. They rely on the ruling in Yates v. Manchester, 358 Mo. 894, 217 S.W. 2d 541.

Plaintiff's instruction as to Blanche Conrad reads as follows:

"The Court instructs the jury if you find from the evidence that on May 14, 1951, at about 8:00 o'clock in the morning Priscilla Hooper was walking in a westerly direction on the north shoulder of Highway No. 25 in the vicinity of the eastern city limits of the City of Cardwell, Missouri, and that while so doing she was struck by a Chevrolet pick-up truck driven by the defendant Blanche Conrad causing Priscilla Hooper to be injured, and

"If you further find that immediately preceding the injury, if any, to Priscilla Hooper defendant Blanche Conrad drove the Chevrolet truck described in evidence in a northerly direction from a dirt road described in evidence on to Missouri State Highway No. 25 directly in front of a truck operated by defendant Albert James, and "If you find and believe that the defendant Blanche Conrad negligently failed in the exercise of the highest degree of care to keep a lookout for vehicles and persons on said highway and along the same; and that because of said negligence if any, the pick-up truck driven by her collided with the tractor and trailer operated by defendant Albert James; causing or contributing to the injuries to plaintiff Priscilla Hooper, if any, then and in that event the plaintiffs, Priscilla Hooper, James Hooper and Etoil Hooper, are entitled to recover for their respective injuries and damages, if any, and your verdict shall be in favor of such plaintiffs as may have been damaged and against the defendant, Blanche Conrad.

"And this is so even though you may find that the defendant Albert James was also negligent in come respect directly contributing to cause said collision."

Defendant Conrad in her brief says, "No facts or circumstances were submitted, the finding of which would be required before it became the duty of defendant to refrain from driving her truck directly in front of the truck operated by James. The instruction was too broad and indefinite and gave the jury a roving commission."

Plaintiffs' instruction as to defendants James and Trammel reads in part as follows (omitting first paragraph which is identical with that of instruction as to Conrad, quoted above):

"If you further find that at said time and place Defendant Albert James, was operating a 1946 International tractor and trailer in a westerly direction along and upon Highway No. 25 as agent and servant of defendant J. W. Trammel, and at the time he was engaged in the business of J. W. Trammel, and

"If you further find that defendant Albert James, in the exercise of the highest degree of care, negligently failed to keep a lookout for vehicles along and upon said highway and negligently failed to have said tractor and trailer under control under the circumstances there existing, and negligently and carelessly operated said tractor and trailer without adequate and sufficient brakes at said time and place, and by reason thereof, the truck driven by the said Albert James collided with the Chevrolet pick-up truck operated by defendant Blanche Conrad, if you so find, and if you further find that defendant Albert James was negligent in the particulars set out above and that such negligence was either the sole cause of said collision or directly contributed to cause said collision, if any, and the injuries to plaintiff Priscilla Hooper, if any, then and in that event the plaintiffs, Priscilla Hooper, James Hooper and Etoil Hooper are entitled to recover for their respective injuries and damages, if any, and your verdict shall be in favor of such plaintiffs as may have been damaged and against the defendants Albert James and J. W. Trammel.

"And this is so even though you may find that the defendant Blanche Conrad was also negligent in some respect directly contributing to cause said collision."

Defendants James and Trammel in their brief say, "This Instruction fails to comply with the clear mandate of the recent case of *Yates v. Manchester,* 217 SW (2) 541. The vice of this Instruction was that no facts were hypothesized for the guidance of the Jury in its determination of the issues. 'The submission included no standard whatsoever . . . by which a finding of negligence could be measured against the evidence in the case.' *Yates v. Manchester, supra,* l.c. 542. Such Instruction submits a mere conclusion of law. Dahlen v. Wright, 235 SW (2) 366, 367."

In the recent case of Knight v. Richey, 363 Mo. 293, 250 S.W. 2d 972, 977, Division I of this court, in an opinion written by Van Osdol, C., took notice of the construction placed by the Bar of this State upon certain language used in Yates v. Manchester. We there said, l.c. 977: "Yates v. Manchester, supra, has been generally interpreted as requiring a particularized submission of evidentiary facts regardless of whether or not the evidence introduced by the respective adversary parties was complicated or widely divergent in tending to prove different factual situations and the facts of

only one of which situations were sufficient to support a finding upon the issue or issues of negligence submitted. Such interpretation of the Yates case was justified, * * *.''

The purpose of verdict-directing instructions is to make clear to the jury the essential fact issues they are to decide. In the Knight case, supra, l.c. 978, we said further: ''The Yates case and cases following the Yates case are not to be read or construed as requiring the submission of facts which are not necessary or essential to a finding upon the issue or issues of negligence specifically submitted. LeGrand v. U-Drive-It Co., Mo.Sup., 247 S.W. 2d 706. But facts 'essential' or 'necessary' to support a reasonable inference and finding of negligence could not be said to be the same in all cases. LeGrand v. U-Drive-it Co., supra. Negligence, of course, depends upon surrounding circumstances as well as the particular conduct involved, because an act or omission which would clearly be negligent in some circumstances might not be negligent in other circumstances and surroundings. Therefore it would seem there could be no stereotyped instruction which would correctly submit any issue of specific negligence in the circumstances of all cases. And where the facts are complicated and there is substantial evidence supporting divergent factual situations or theories and under the facts and in the circumstances of only one of which could a party have been negligent as submitted, then, in fairly defining and submitting the issue to the jury, in a verdict-directing instruction, the facts (even though evidentiary in the sense that they form a factual situation in which the ultimate facts of negligent conduct and causation as submitted could be reasonably inferred) essential to support the finding should be hypothesized as simply and plainly as possible in the submission of the issue, so that a jury may evaluate and weigh the evidence tending to prove and to refute the facts essential to a finding upon the issue, and so that the jury may not make a finding upon the issue based on facts which in legal effect would not support the finding.''

From the principles above quoted, the following may be deduced as a general rule applicable to verdict-directing instructions in negligence cases:

Where the evidence presents two or more divergent sets of essential facts, under one or more of which plaintiff would be entitled to recover and under one or more of which he would not, then a verdict-directing instruction or instructions given in his behalf should hypothesize, either by recital or by reference to other instructions, the facts essential in law to support the verdict. In like manner, verdict-directing instructions in behalf of the defendant should recite on their face or by reference to other instructions any essential fact or facts shown or not shown which will defeat plaintiff's right of recovery. Where there is no divergence in or denial of the essential facts, then the ultimate issue of the negligence pleaded and its being

the proximate cause of the injury or damage ▪▪▪ alleged may be submitted by reference to the facts and circumstances shown by the evidence without specific hypothesization in the instructions. And, we may add, that if either of the parties deems a hypothesized fact or situation not to have been clearly or sufficiently hypothesized in any instruction, he should offer a clarifying or amplifying instruction.

Any language found in Yates v. Manchester, supra, which may be construed contrary to the principles and rule above set forth should no longer be followed.

In the present case there was no divergence in the evidence of the parties as to the essential facts and circumstances which concurred to bring about plaintiff Priscilla Hooper's injuries. Consequently, the complained of instructions sufficiently hypothesized the facts essential to guide the jury in determining the ultimate issue of the negligence of each defendant under the circumstances shown in evidence.

▪▪ The trial court gave a number of instructions on behalf of the defendants. Defendant Conrad complains of instructions given on behalf of James and Trammel and these defendants, in turn, complain of instructions given at Conrad's request. An instruction was given for Conrad which in substance directed the jury to find a verdict in favor of Conrad if the jury found the negligence of James was the sole cause of Priscilla's injuries. Like instructions were given on behalf of James and Trammel. Each defendant contends that the other was guilty of negligence as a matter of law, and, therefore, the instructions were erroneous. However, the jury found, and justifiably so, that both Conrad and James were negligent and, therefore, the instructions did no harm.

▪▪ The final contention is that the verdict in favor of plaintiff Priscilla Hooper is grossly excessive. The evidence showed that she was struck by the truck near her hips and thrown about 30 feet into a cotton patch. She received a puncture wound in her right leg which caused an infection to develop. On cross examination, Dr. Lamb, who treated plaintiff, gave the following testimony:

"Q. The principal injury you had to contend with was this little wound on the calf of the right leg?

"A. Yes, sir.

"Q. That became slightly infected?

"A. Let's rule out the word, 'little'. Those wounds are very serious, they cost many a life."

The doctor's testimony was that plaintiff had a swelling from her hip to her foot; that she suffered a sacroiliac injury; that she remained in a hospital from May 14 to May 23, 1951. The evidence showed that she remained in bed for about two weeks after she was taken home. The doctor stated plaintiff suffered severe pain due to the infection and back injury. Dr. Lamb examined plaintiff again

in September and in November, 1951, and she still complained of pain in her back and hip. It was also shown that plaintiff sustained a shock to her nervous system causing her to become frightened when she hears the application of brakes on cars and trucks. It was shown that Priscilla before her injury was a normal child and that she participated in games with other children; that since the injury she does not play because doing so hurts her back.

The question of the amount of damages is primarily a question for a jury. Courts may not disturb a verdict as to the amount unless the evidence is insufficient to sustain the amount awarded. A verdict must either be grossly excessive or inadequate to authorize court action. The evidence as above reviewed in our opinion shows that the verdict in this case should not be disturbed. See Merrick v. Bridgeways, Inc., Mo. Sup., 241 S.W. 2d 1015, l.c. 1023 (16), and cases there cited.

The judgment is affirmed.

*Conkling, C.J., Tipton* and *Ellison, JJ.*, concur; *Leedy, J.*, concurs in result; *Hyde, J.*, concurs in separate opinion filed, in which *Hollingsworth* and *Tipton, JJ.*, concur. *Dalton, J.*, not sitting.

HYDE, J. (concurring).—I concur in the opinion of Hollingsworth, J., herein. However, I think it should be emphasized that what caused the trouble in Yates v. Manchester, 358 Mo. 894, 217 S. W. (2d) 541, was the following italicized clause in the speed submission, namely: " 'At an excessive and dangerous rate of speed *under the circumstances.*' " The trouble with that clause in the Yates case was that there were two completely different and directly conflicting set of circumstances, so that the jury could not know from the instruction what circumstances were meant. Under one set of circumstances shown therein the southbound taxicab in which plaintiff was riding was proceeding slowly as it approached an intersection and was struck, after it passed the middle of the street, by the Manchester car traveling east at a high rate of speed. Under another set of circumstances shown therein, the eastbound Manchester car was moving slowly in a line of traffic, following within ten feet of another car, when the taxicab going fast, cut around a halted line of southbound cars and was struck as it went through the eastbound line of traffic in front of the Manchester car. (For more detailed statement see Knight v. Richey, 363 Mo. 293, 250 S. W. (2d) 972, l.c. 978.) For a case where it was held proper to use the phrase "under the facts and circumstances" see Block v. Rackers, (Mo. Sup.), 256 S. W. (2d) 760; See also Bradley v. Becker, 296 Mo. 548, 246 S. W. 561, where this Court en Banc held a speed submission good which contained no such phrase as "under the circumstances."

There is no "under the circumstances" submission in this case. The verdict directing instructions against both defendants herein hypothesize where plaintiff was (which shows she was in a place where she had a right to be and where it was not proper for the defendant to drive), what the defendant was doing, what the improper act or omission of the defendant was, what happened, negligence and causation. Thus all essential facts which would constitute actionable negligence under the evidence were hypothesized so that the jury were properly informed as to what facts they must find to reach a verdict for plaintiff. (See Jones v. Central States Oil Co., 350 Mo. 91, 164 S. W. (2d) 914.) Therefore, the Yates v. Manchester speed submission ruling is in no way applicable to the instructions in this case.

I would suggest that the speed submission in Yates v. Manchester would have been good if it had hypothesized plaintiff's status as a passenger in the taxicab; that defendant Mitchell (taxi driver) was approaching and attempting to cross a public street intersection, that he drove into the intersection close to and in front of defendant Manchester's car at a high and dangerous rate of speed, and that the taxicab was struck by (or collided with) the Manchester car, together with findings of negligence and causation. Such a submission would hypothesize where plaintiff was, what defendant was doing, the improper act of defendant, what happened, negligence and causation. Those were the facts essential to the creation of liability and all that was necessary to make it clear to the jury what facts they would be required to find to reach a verdict for plaintiff against the taxi driver on the ground of excessive speed. (See Constructing and Reviewing Instructions, Trusty, Sec. 5.) If the defendant should desire a more detailed submission or explanation, he should request a fuller, more definite or more specific instruction. (See 27 Missouri Digest—Trial, key number 256.)

*Hollingsworth, J.,* concurs.