CECIL HYDE and AMY HYDE, Respondents, v. BLANCHE CONRAD, ALBERT JAMES, and J. W. TRAMMEL, Appellants, No. 43191—260 S. W. (2d) 503.

Court en Banc, July 13, 1953.

192

*Dalton, Treasure & Dalton, John M. Dalton, Harold B. Treasure* and *John Hall Dalton* for Albert James and J. W. Trammel, appellants.

*Ward & Reeves* for Blanche Conrad, appellant.

194

*McHaney & McHaney* for respondents.

196

PER CURIAM.—Plaintiffs, as parents of Glenda Sue Hyde, deceased, filed this suit against the defendants asking $15,000 as damages for the wrongful death of Glenda Sue. A trial resulted in a verdict in favor of plaintiffs and against all of the defendants in the sum of $11,000. The trial court required a remittitur of $1,500. Plaintiffs complied with the order and judgment was entered for $9,500. All of the defendants appealed.

This case was filed in Dunklin County, Missouri. On change of venue the case was transferred to and tried in Butler County. The deceased, Glenda Sue Hyde, lost her life as a result of the same collision which was the subject matter of the case and the opinion in Hooper et al. v. Blanche Conrad, Albert James, and J. W. Trammel, No. 43,143, 364 Mo. 176, 260 S. W. 2d 496, decided concurrently herewith.

The evidence in the two cases was about the same except that in the Hooper case, plaintiff Priscilla Hooper was injured, while in this case the evidence disclosed that plaintiff's daughter, Glenda Sue Hyde, was killed when the tractor-trailer, after its collision with a pick-up truck, turned over and fell on her.

The two cases were consolidated for argument in this court. The issues as to negligence were about the same and on this appeal the same points of law are involved here as in the Hooper case. The facts and

circumstances were stated in the Hooper opinion and will not be restated here.

■ The defendants in this as well as in the Hooper case urge that plaintiffs' instructions were erroneous under the ruling of Yates v. Manchester, 358 Mo. 894, 217 S.W. 2d 541, and cases following the ruling in that case. What we said in the opinion in the Hooper case disposes of all the points urged in this case except as to the amount of the verdict.

■ Defendants say the verdict of $9,500 to the parents of Glenda Sue Hyde, eleven years old, is grossly excessive. To this we cannot agree. The trial court gave due consideration to this question as evidenced by the order of remittitur of $1,500. We are not justified in further disturbing the amount of the verdict. Defendants cite Wright v. Osborn, 356 Mo. 382, 201 S.W. 2d 935. In the Wright case, Division I of this court refused to reduce a judgment of $8,695 in favor of the parents of an eight-year-old son who had lost his life through the negligence of the defendants. See 201 S. W. 2d l.c. 940 (10-12). What was there said applies to the situation now before us.

The judgment is affirmed. *Dalton, J.,* not sitting. All others concur except *Leedy, J.,* who concurs in result.