John Henry MOORE, Plaintiff-Respondent,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Defendant-Appellant.

No. 46366.

Supreme Court of Missouri.

Division No. 1.

March 9, 1959.

Robert C. Ely, St. Louis, for appellant.

George E. Helfers and Roberts P. Elam, St. Louis, for respondent.

HOLMAN, Commissioner.

Plaintiff, John Henry Moore, was injured on September 18, 1955, while at work for the defendant as a baggage handler. This action to recover damages for his injuries was brought under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. A trial resulted in a verdict for plaintiff in the sum of $10,000. Defendant appealed to this court from the ensuing judgment, contending (1) that its motion for a directed verdict should have been sustained because (a) the evidence failed to show any negligence on the part of defendant, and (b) the sole cause of the casualty was the negligence of plaintiff; (2) the court erred in refusing to give Instruction A offered by defendant; and (3) the court erred in giving plaintiff's Instruction No. 1. In April 1958 we adopted an opinion in which we concluded that there was no showing of negligence on the part of defendant and the judgment was accordingly reversed. Moore v. Terminal Railroad Association, Mo.Sup., 312 S.W.2d 769. Because of the foregoing conclusion we did not consider the stated contentions of error in regard to the giving and refusal of instructions.

In due course the Supreme Court of the United States granted certiorari and in a per curiam opinion reversed the judgment of the Supreme Court of Missouri and remanded the cause. That opinion (with Mr. Justice Whittaker and Mr. Justice Burton dissenting) is quoted in full herein as follows (omitting citations): "The petition for writ of certiorari is granted. The judgment of the Supreme Court of Missouri is reversed and the case is remanded for proceedings in conformity with this opinion. We hold that the proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury." Moore v. Terminal Railroad Association of St. Louis, 358 U.S. 31, 79 S.Ct. 2, 3 L.Ed. 2d 25. Following our receipt of the mandate of that court the cause was reargued and resubmitted for our determination of

the contentions of error not considered or passed upon in our previous opinion.

It would be superfluous for us to give a detailed statement of the facts herein. Our first opinion includes a complete recital of the facts and a photograph of the scene of the casualty, as well as a picture of plaintiff's Exhibit 8 which is a plat of the scene and shows the location of various vehicles on the platform in accordance with plaintiff's testimony. For a full understanding of the factual situation involved we refer the reader to that opinion. Moore v. Terminal Railroad Association, supra (Mo., 312 S.W.2d 769). For the purposes of the instant opinion a brief recital of the facts will suffice.

Trains arrive and depart from Union Station in St. Louis, Missouri, on tracks running north and south, located just outside the station waiting room. Defendant maintains a concrete loading platform between each pair of tracks which is used by passengers and also by defendant's employees in transporting mail and baggage to and from trains. The platform where plaintiff was injured was located between tracks 4 and 5. It was 14' 1⅜" wide. On the occasion in question a train was standing on track 4 adjacent to the west side of the platform. Plaintiff was pulling a "flat wagon" northwardly on the east side of the platform with the intention of getting into a position to receive baggage from a Cotton Belt train which was due to arrive on track 5. His "flat wagon" was 14' 8" long (including handlebars at each end), 3' 8" wide, and was supported in the center by two wheels upon which the vehicle would pivot upon being turned in order to change its course.

Plaintiff testified that when he arrived at the north elevator the rear car of the incoming train passed him as it backed into the station; that after traveling a short distance farther he turned his wagon to the west intending to pass around two "bull wagons" that were standing on the east side of the platform; that there were three or four "flat wagons" on the west side of the platform, one being to plaintiff's rear and at least two a short distance ahead of him. As plaintiff sought to change his course by pulling the front end of his wagon to the west the rear end swung to the east and struck the "stirrup" on the third car of the incoming train, thus causing the wagon to be pushed violently forward so that its front end struck a car of the train standing on track 4. Plaintiff was caught between the front handlebar of the wagon and the standing car and received serious injuries.

The first point for our consideration is the refusal of the court to give Instruction A, which reads as follows: "The court instructs you that plaintiff was guilty of negligence on the occasion in question in turning or guiding his wagon in such a fashion that the south end of the wagon struck the moving Cotton Belt train. If you find that such negligence of plaintiff's was the sole and direct cause of his injuries, and that defendant was not negligent as charged in Instruction No. 1, then you must return a verdict in favor of defendant." After that instruction was refused, the defendant offered and the court gave Instruction No. 4, which reads as follows: "If you find and believe from the evidence that, as plaintiff pulled his wagon northwardly along the platform, he knew that the Cotton Belt train was moving parallel to his path and just to the east of his path, and if you find that at such time he knew, or should have known, that his wagon pivoted on its center wheels in such a manner that when the north end was turned in one direction or to one side, then the south end would turn in the opposite direction or to the opposite side, and if you find that plaintiff, on the occasion in question, turned or guided his wagon in such a fashion that the south end of the wagon came into contact with the Cotton Belt train, and if you find that in so turning or guiding his wagon, if so, plaintiff was negligent, and if you find that such negligence, if any, was the sole and direct

cause of the injuries he then suffered, and if you find that defendant was not negligent as charged in Instruction No. 1, then in such event you must return a verdict in favor of defendant."

In support of its contention that Instruction A should have been given defendant asserts that plaintiff was, in fact, guilty of negligence as a matter of law in the respect stated in the instruction and hence defendant was entitled to have the jury told that he was negligent. In that connection it should be noted that refused Instruction A and given Instruction No. 4 are substantially the same except that the refused instruction stated to the jury that plaintiff was guilty of negligence while the given instruction submitted that issue to the jury for its determination

For the purpose of our decision of the instant question we will assume (but do not decide) that plaintiff was guilty of negligence as a matter of law. In support of its contention defendant has cited the case of *Atchison, T. & S. F. Ry. Co. v. Ballard*, 5 Cir., 108 F.2d 768. That case tends to support defendant's position, although it is somewhat distinguishable from the case at bar on the facts, as there the undisputed facts indicated that the plaintiff had violated a specific company rule. However, be that as it may, we think it is clear in the instant case that the defendant was not prejudiced by the failure of the court to give Instruction A. This for the reason that as a prerequisite for a defendant's verdict under Instruction A, the jury was required to find "that such negligence of plaintiff's was the sole and direct cause of his injuries, and that defendant was not negligent as charged in Instruction No. 1."

It is apparent that by finding for plaintiff under Instruction No. 1 the jury found that defendant was negligent as therein charged and hence necessarily found that plaintiff's negligence was not the sole cause of the injury. It therefore follows that whether the jury was permitted to find that plaintiff was negligent under given Instruction No. 4, or had been directed that plaintiff was negligent as provided in refused Instruction A, was of no consequence because, unless the jury found that plaintiff's negligence (whether directed or required to be found) was the *sole cause* of his injury (and the jury found to the contrary), defendant was not entitled to a verdict under either proffered Instruction A or given Instruction 4. It therefore follows that no prejudicial error resulted from the refusal of Instruction A.

█ The remaining contention is that Instruction No. 1 was erroneous. That instruction, after hypothesizing the fact and manner of plaintiff's injury, continues as follows: " * * * and if you further find that at the time of said occurrence and injury to plaintiff, said platform was so overcrowded and congested with tractors, bull wagons, flat wagons and similar vehicles, used by defendant for the hauling of mail, express and baggage, if you so find, and that said platform and its parts and appliances, and said flat wagon being pulled by plaintiff, were such, by reason of their size, type of construction and arrangement, if you so find, as to make it likely that said flat wagon being pulled by plaintiff along said platform would be struck by trains or cars moving over and along the tracks adjacent to said platform; and if you further find that defendant required plaintiff to work, and pull the said flat wagon being pulled by him, on said platform under the circumstances aforesaid (if you find them to be the circumstances), and that in so doing, if you so find, defendant failed to exercise ordinary care and was guilty of negligence * * *."

Defendant says that the instruction submitted only general facts concerning the presence of vehicles on the platform—that there was a definite controversy as to whether or not the occurrence was caused by the presence of the two flat wagons on the west side of the platform, as described by plaintiff, and hence that fact should have been specifically submitted to the

jury. The evidence does disclose some controversy concerning the presence and particular location of each and every vehicle plaintiff said was on the platform. However, while we recognize that the submission is rather general, we have concluded that under the factual situation shown by the evidence, it sufficiently hypothesizes the ultimate facts essential to a finding of negligence on the part of the defendant.

The instruction required the jury to find (1) that the platform was overcrowded by tractors and various types of wagons used by defendant, (2) that the platform and the flat wagon being pulled by plaintiff were of such size and construction as to make it likely that the wagon would be struck by a train, (3) that defendant required plaintiff to pull said flat wagon on the platform under the "circumstances aforesaid," and (4) that such was negligence. While, as noted, there was some conflict in the testimony as to the location of the various vehicles, the factual situation presented by the evidence was not complicated or difficult to understand. As indicated, we think the instruction properly submitted the ultimate, essential facts and that a more particularized submission of the evidentiary facts was not required. Knight v. Richey, 363 Mo. 293, 250 S.W. 2d 972; Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496.

It can be readily seen that if plaintiff had endeavored to specifically hypothesize the precise location of each vehicle that may have contributed to cause the overcrowded condition of the platform, and the manner in which the construction of the platform and the flat wagon (along with the overcrowded condition) would have made it likely that the casualty would occur, the result would have been an instruction which would have been unduly burdensome and would have perhaps been confusing to the jury. We accordingly rule that Instruction No. 1 was not prejudicially erroneous in failing to contain a more particularized submission of the evidentiary facts required as a prerequisite for a finding of negligence.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the Court.

HOLLINGSWORTH, C. J., HYDE, P. J., and DALTON, J., concur.

WESTHUES, J., concurs in result.